# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

------------------

## ON REMAND

------------------

## NO. 03-99-00819-CR

**Marvin Harvey, Appellant**

**v.**

**The State of Texas, Appellee**

------------------

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. 0993441, HONORABLE BOB PERKINS, JUDGE PRESIDING

Appellant Marvin Harvey was convicted of violating a family protective order. *See* Tex. Pen. Code Ann. ' 25.07 (West Supp. 2002). On appeal, this Court held that the evidence was legally sufficient to support appellant=s conviction; however, we found the trial court=s jury charge was erroneous and reversed the judgment. *See Harvey v. State*, 48 S.W.3d 847 (Tex. App.CAustin 2001, pet. granted). The State=s petition for discretionary review was granted. The Court of Criminal Appeals found the jury charge was not erroneous, reversed the judgment, and remanded the cause for our consideration of appellant=s remaining points of error. *See Harvey v. State*, 78 S.W.3d 368 (Tex. Crim. App. 2002). Appellant=s remaining points of error concern factual sufficiency of the evidence, admissibility of evidence, jury argument, an additional claim of jury charge error, and the trial court=s failure to grant a new trial. We will affirm the judgment.

In his second point of error, appellant asserts that the evidence is factually insufficient to support the jury=s verdict. In a factual sufficiency review, we are required to give deference to the jury=s verdict and examine all of the evidence impartially, setting aside the jury verdict Aonly if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.@ *Cain v. State*, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). The complete and correct standard a reviewing court must follow to conduct a *Clewis* factual sufficiency review is to determine whether a neutral review of all of the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury=s determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). After remand, in his brief reasserting his contention that the evidence is factually insufficient, appellant states he does not claim that proof of his guilt is outweighed by contrary proof, but appellant does claim that the evidence of guilt is so obviously weak as to undermine confidence in the fact finder=s determination of guilt.

It was alleged:

> that Marvin Harvey, on or about the 15th day of May A.D. 1999, . . . did then and there, in violation of an order issued on behalf of Alice Zimmerman under Chapter 85 of the Family Code, to wit: Protective Order # 240983 issued by the County Court at Law # 1 for Travis County, Texas on June 11, 1998 and not expiring until June 10, 1999, the said Marvin Harvey knowingly and intentionally committed an act of family violence against Alice Zimmerman, to wit: assault, by striking her on and about the face with his hand, thereby causing her bodily injury and pain.[1]

---

[1] In his appellate brief, appellant concedes that Athe evidence shows the order existed on May 15, 1999. *See* SX-6; RR 111-85, 98-108, 140. It also shows Zimmerman was assaulted by appellant as alleged. RR 111-28-32, 64-70, 87-89, 98, 118, 121, 126-139.@ However, appellant urged that the

Appellant concedes that the evidence shows that he assaulted the victim as alleged and that on the day of the assault protective order 240983 existed; but appellant insists that the State failed to prove that before the assault he: (1) knew the protective order existed, (2) knew the provisions of the protective order, or (3) had received the statutory warnings the law requires on all protective orders.

When a protective order has been issued under the Family Code provisions, the respondent may be guilty of violating that order although he does not know it has been issued or its provisions, provided he has been given a copy of the application for the protective order and notice of the hearing to determine whether the protective order will be issued. *See Harvey*, 78 S.W.3d at 373. It makes no difference that the respondent chooses not to read the application or the notice or chooses not to attend the hearing. *Id*. Appellant argues that the evidence is factually insufficient because the record does not show that he was served with the protective order or with the application for the protective order. The record shows that notice of the filing of the application for the protective order and the date set for hearing the application were served on appellant. Appellant acknowledges that he was served with notice of the hearing on the application for the protective order. At the time appellant was served with notice of the hearing, he was also served with a temporary *ex parte* protective order. Service of the notice and of the temporary *ex*

record Adoes not prove he thereby knowingly or intentionally violated that order, or that it was a valid order.@ Appellant=s brief p. 4.

**4**

*parte* order were shown by the constable=s return. The temporary *ex parte* protective order served on appellant states that *a certified copy of the application* making a Afull and complete statement of the injunctive relief sought by the applicant@ is attached to and made a part of this temporary *ex parte* order. Although the certified copy of the application is not attached to the exhibit in the record, the application was admitted as a separate exhibit and is part of the appellate record. The protective order admitted in evidence shows that the trial court found that appellant failed to appear at the hearing on the application but that he had been Aduly served with citation and notice.@ In addition, the victim testified that appellant was Athe same Marvin Harvey [she] had a protective order against.@ She also testified that appellant was aware the protective order had been issued and that she and appellant had discussed the protective order=s provisions. Appellant=s mother testified she knew of the issuance of the protective order and that she had advised the victim and her son to stop seeing each other so that appellant would not violate the order. However, appellant=s mother also testified that the victim continued to come to her house almost daily to visit appellant. Indeed, as the Court of Criminal Appeals found, A[t]he record contained several copies of official records that showed he had notice of the application for the protective order and the hearing to consider it.@ *Harvey*, 78 S.W.3d at 374. After examining all of the evidence impartially and giving deference to the jury=s verdict, we conclude that the jury=s verdict is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Moreover, from our neutral review of all of the evidence both for and against the jury=s verdict, we find that the proof of appellant=s guilt is not greatly outweighed by contrary proof or so obviously weak as to undermine confidence in the jury=s determination. The evidence is factually sufficient to support the jury=s verdict. Appellant=s second point of error is overruled.

**5**

In points of error three through six, appellant complains that the trial court erred in admitting in evidence State=s Exhibit Nine. After defense counsel rested, the State, in rebuttal, offered and the court admitted in evidence, State=s Exhibit Nine, a document purportedly filed by appellant in cause number 502240 in which appellant was charged with resisting arrest. In that document, appellant states that: (1) he Astands adjudicated guilty@ of the offense of resisting arrest; (2) he is guilty of two other unadjudicated offenses for violating a protective order; (3) in assessing punishment in cause 502240, appellant asked the court to consider the two unadjudicated offenses and that the prosecution of these offenses be barred pursuant to article 12.45.[2] *See* Tex. Pen. Code Ann. ' 12.45 (West 1994). Attached to State=s Exhibit Nine are two informations charging appellant with the violation of Protective Order 240983 by going within 200 yards of Zimmerman=s residence on June 21 and 24, 1998.

The State argues that appellant=s acknowledgement of his guilt in violating the same protective order is evidence that he knew of the issuance and the provisions of that protective order. When a defendant has been convicted previously of violating the same protective order, it is evidence that the defendant was aware of the protective order and its provisions. *See Ramos v. State*, 923 S.W.2d 196, 198-99 (Tex. App.CAustin 1996, no pet.).

Although State=s Exhibit Nine had been considered on a motion *in limine* and it had been offered during the State=s case-in-chief, the trial court had sustained appellant=s objections and excluded the

---

[2] Pursuant to article 12.45, the defendant must acknowledge guilt in order to have those offenses considered in punishment of the adjudicated offense.

**6**

exhibit. However, in rebuttal, the State again offered the exhibit to rebut appellant=s defense and to show that appellant knew of the protective order and its provisions before he committed the alleged offense. At the time the exhibit was admitted, appellant=s only objection was that it was not relevant. The trial court found the exhibit was relevant and overruled appellant=s objection. We conclude that State=s Exhibit Nine furnished relevant evidence to prove a contested issue and an element of the charged offense. The trial court did not abuse its discretion in admitting the exhibit in evidence. Appellant=s points of error three through six are overruled.

In points of error seven through twelve, appellant complains that the trial court erred in admitting evidence that appellant damaged the victim=s automobile, house, and property in her house. The victim had known appellant for about seven years and they had lived together for four of those years. However, at the time of the charged offense, they had lived separately for more than a year. On a Friday, the victim left work at noon. When she arrived at her house, she found appellant waiting there. She was angry with appellant because he had slashed one of her automobile tires the night before. Appellant told her he had replaced the tire and that he was sorry for what he had done. During that afternoon and evening, the victim and appellant helped one of the victim=s friends move. Late in the evening, the victim took appellant home to his mother=s house. They sat in the car in front of the house and talked. When the victim told appellant that she had been seeing someone else, appellant became very angry, cursed her, hit her five or six times, took some of his property out of her automobile, and again struck the victim two times. The victim fled in her automobile to a convenience store where she called a friend. She then drove to her house, which was less than three miles from where appellant lived. She parked her automobile in her driveway. Her

automobile and her house were undamaged at that time.  Because she had never seen appellant so angry before, she was afraid of what he might do; she walked to her friend=s house, which was nearby, and called the police.

City of Austin police officer Billy Hurst responded to a dispatcher=s call at about 1:57 a.m. Hurst came to the victim=s friend=s house.  Hurst found the victim very Aupset@ and observed her recently inflicted injuries.  The victim heard a Acrushing sound@ which came from the direction of her house.  She asked Hurst to investigate.  Hurst rounded the corner of the victim=s house and saw a man who matched the description of appellant the victim had given him.  Appellant was shirtless, sweaty, and breathing heavily. Appellant gestured toward the victim=s house and told Hurst he was visiting his girlfriend Alice.  Hurst heard air leaking from the tires on the victim=s automobile.  The tires had been slashed and the windshield shattered.  Hurst then noticed that the back door of the house had been Akicked in.@  Hurst entered the house and found the television set and a stereo player Asmashed.@ Glass, clothing, and personal items were strewn around on the floor.  Hurst noticed shattered glass fragments on appellant=s arms.  When other officers arrived, Hurst placed appellant under arrest and seated him in a police car.  When the victim came to her house, she observed appellant in the police car and observed the damage to her automobile, house, and belongings.

Appellant has briefed all six points of error together.  He complains that the evidence fails to show appellant was the person who caused the damage to the victim=s automobile, house, and other property.  This complaint is without merit as there is ample circumstantial evidence to show appellant was responsible for the damage.  Appellant argues more strenuously that this evidence was evidence of

**8**

extraneous acts that was erroneously admitted. Appellant contends that there were sufficient trial objections to raise issues for appellate review citing Rules of Evidence 401, 402, 403, and 404(b). *See* Tex. R. Evid. 401, 402, 403, 404(b). We have reviewed the testimony of Officer Hurst and the victim concerning the damage to the victim=s property. We can find no objection that mentions these rules of evidence. Appellant made numerous objections during the testimony of Hurst but they were general non-specific objections that were insufficient to raise these issues and to preserve appellant=s appellate contentions.[3] *See* Tex. R. Evid. 103(a)(1); Tex. R. App. P. 33.1(a).

On appeal, appellant admits that no objections were made when the victim testified that she Asaw the car=s >window= smashed in, three or four tires flat.@ When the victim testified concerning the damage to her house and belongings, appellant admits the only objection was to Athis line of questioning.@

---

[3] During Officer Hurst=s testimony, there were numerous general nonspecific objections. *Eg*:

Q. Okay. Does having your report handy help you with specific times, and addresses and things like that?

A. Yes, sir. Further detail.

Q. Feel free to refer to it if you need to. I want to talk about what you found when you arrived out there out on Jewel Street. First of all,- -

The State argues that this evidence about which appellant complains was relevant and admissible because it was same transaction contextual evidence. Same transaction contextual evidence is admissible because, ASuch evidence imparts to the trier of fact information essential to

[Defense Counsel]:   I have an objection, Your Honor. If I can get a ruling on a running objection on this entire line of questioning.

THE COURT:   That=s fine. I=ll allow the running line of questioning but I=ll overrule all of those.

. . . .

Q.   Approximately what time was that?

A.   Roughly about 1:57 in the morning, sir.

[Defense Counsel]:   I=m going to object to this line of questioning, sir. If I could approach the bench.

THE COURT:   What=s the objection?

[Defense Counsel]:   The prosecutor is getting into matters that are irrelevant to this case.

THE COURT:   I=ll overrule the objection.

In addition, there were several general objections to Ahearsay.@ Vol. III, pp. 33, 35, 40, 52. There were objections that questions were Aleading.@ Vol. III, pp. 34, 36, 53, 55, 59-60, 68. There were objections that questions called for Aspeculation.@ Vol. III, pp. 34, 44, 45. There were AMiranda@ objections. Vol. III, pp. 49, 50, 51. Objections as to Arelevancy.@ Vol. III, pp. 51, 54, 56, 61. With the possible exception of relevancy, these general, non-specific objections preserved nothing for appellate review.

understanding the context and circumstances of events which, although legally separate offenses, are blended or interwoven.@ *Camacho v. State*, 864 S.W.2d 524, 532 (Tex. Crim. App. 1993); *see also*, *Santellana v. State*, 939 S.W.2d 155, 167-68 (Tex. Crim. App. 1997); *Mayes v. State*, 816 S.W.2d 79, 86 n.4 (Tex. Crim. App. 1991). The precise time lapse between the assault on the victim and the acts causing damage to her property was not established; testimony shows the time lapse could have been less than twenty-five minutes or more than two and one-half hours. However, circumstantial evidence of the events indicate the time lapse was less than one hour. Appellant=s assault on the victim and the damage to her property could all be attributed to appellant=s continuing anger caused by the victim=s revelation to appellant that she was dating someone else. Appellant=s assault on the victim and the damaging of her home and property all violated the same protective order. We agree that evidence of the damage to the victim=s property was relevant and admissible because it was same transaction contextual evidence. Also, through cross-examination of the State=s witnesses and the testimony of defense witnesses, the defense attempted to impugn the victim=s motives and her credibility as a witness. The complained of evidence was also admissible because it tended to rebut appellant=s defense. The trial court did not abuse its discretion in ruling that this evidence was admissible. Appellant=s seventh through twelfth points of error are overruled.

In points of error fifteen and sixteen, appellant asserts that the trial court erred in overruling his objection to the prosecutor=s jury argument commenting on appellant=s failure to testify. During his jury argument, the prosecutor argued:

> What the law says is that if you don=t show up after having notice it=s your own fault. You are on notice. And if you don=t show up you can=t come back later and say I didn=t know there was a protective order in place. I didn=t know that I couldn=t go by her. Because if it did no one would ever show up for a protective order hearing and people would always

**11**

say I didn=t know. But some of you may ask, is it fair, is it fair to prosecute him if he says he really didn=t know? Well, we have more evidence that he knew.

[Defense Counsel]: I=m going to object to that, Your Honor. He=s alluding to testimony from the defendant. The defendant has not testified in this case.

THE COURT: Overruled.

The theory of appellant=s defense was that he did not know of the issuance of the protective order and its provisions. The prosecutor was attempting to argue that evidence had been offered to rebut appellant=s defense. Immediately following the complained of argument, the prosecutor reminded the jury of the evidence the State had presented to prove appellant=s actual knowledge of the issuance of the protective order and its provisions. When appellant had pled guilty to another offense, he requested that the trial court consider two unadjudicated offenses in which he had been charged with violating this same protective order; to have the court consider the unadjudicated offenses in assessing punishment, appellant had to acknowledge that he was guilty of violating the same protective order. *See* Tex. Pen. Code Ann. ' 12.45 (West 1994). The prosecutor followed his rhetorical question, about whether it would be fair to prosecute appellant if he did not really know about the protective order and its provisions, with a reminder of the evidence that showed he had knowledge of the order.

> AFor there to be reversible error because of an allusion to or comment on the failure of an accused to testify in his own behalf, the language must be looked to from the standpoint of the jury, and the implication that the language used had reference to such failure to testify must be a necessary one.@ *Koller v. State*, 518 S.W.2d 373, at 375 (Tex.Cr.App.1975). AIt is not sufficient that the language might be construed as an implied or indirect allusion thereto.@ *Id*. Language that can reasonably be construed to refer to a failure to present evidence other than from the defendant=s own testimony does not amount to comment on failure to testify. E.g., *Hammond v. State*, 799 S.W.2d 741, at 748 (Tex.Cr.App.1990). But where argument points to a lack of evidence that only the defendant personally can supply, we have held it to be error. E.g., *Angel v. State*, 627 S.W.2d 424 (Tex.Cr.App.1982).

*Swallow v. State*, 829 S.W.2d 223, 225 (Tex. Crim. App. 1992). The complained of argument was not a direct reference to appellant=s failure to testify at trial, but rather that his failure to attend the earlier hearing on the protective order did not excuse him from knowing an order was entered. From the jury=s perspective, the argument was directed toward the establishment of appellant=s Aknowledge@ of the order and its provisions. *See Staley v. State*, 887 S.W.2d 885, 896 (Tex. Crim. App. 1994). Appellant=s fourteenth and fifteenth points of error are overruled.

In his nineteenth point of error, appellant urges that the trial court fundamentally erred in not submitting a jury charge requiring a finding that the extraneous acts proved must be proved beyond a reasonable doubt before they could be considered for any purpose. The evidence of damage to the victim=s automobile, house, and other property that appellant claims was evidence of extraneous acts was properly admitted as same transactional contextual evidence. Therefore, the trial court did not err in failing to submit the limiting jury charge appellant insists should have been given. Appellant=s nineteenth point of error is overruled.

In points of error six, thirteen, and fourteen, appellant complains of the trial court=s refusal to grant a new trial. The grounds that were presented for a new trial are the same grounds presented on appeal in points of error three through five and seven through twelve, which we have found to be without merit. The trial court did not err in failing to grant appellant=s motion for new trial. Points of error six, thirteen, and fourteen are overruled.

The judgment is affirmed.

_____

Carl E. F. Dally, Justice

Before Justices Kidd, Puryear and Dally[*]

Affirmed

Filed: November 15, 2002

Do Not Publish

\*    Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov=t Code Ann. ' 74.003(b) (West 1998).