**Elmer Gerald YATES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45286.**

Court of Criminal Appeals of Texas.

Nov. 15, 1972.

Rehearing Denied Jan. 17, 1973.

John Emmett, Dallas, for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal results from a robbery by assault conviction wherein the punishment was assessed at 25 years.

The sufficiency of the evidence is not challenged.

The record reflects that Norman Shipley, the complaining witness and an employee of Southland Corporation, testified that on the morning of June 26, 1969, he had gone to several 7–11 drive-in grocery stores to collect the previous day's receipts to deposit in the bank. When he arrived at the Bank of Dallas's parking lot about 9 a. m., the appellant robbed him, at gunpoint, taking the money in the 7–11 envelopes and his car. Earnest Gates identified the appellant as the man he had seen standing on the same parking lot that morning at 8 a. m., and, again, about 8:15 a. m.

Dallas Detective Rose found a coat, a glove, and some 7–11 envelopes in a creek bed on July 5, 1969. Subsequently, a fingerprint of the appellant was lifted from one of the envelopes. The investigation led to appellant's arrest on July 15, 1969.

■ Having waived his first ground of error by supplemental brief, the appellant next complains the court erred in permitting the State to elicit from Dallas Police Officer Boyd the fact that he (Boyd) received a telephone call from an anonymous caller who gave him appellant's name as one of the men involved in the robbery in question.

Elmer Boyd testified that he conducted an investigation in the instant case and was then asked:

"Q. Now, I will ask you if on the 9th of July 1969 you had occasion to re-

ceive a name over the telephone from an anonymous caller, without going into the conversation?

A. Yes, sir.

Q. Did you receive two names, in fact?

A. Yes, sir.

Q. And was one of them the Defendant's name?

A. Yes, it was.

Q. In connection with this robbery—

MR. MARTIN: I'm going to object to this. We've got some anonymous caller that mysteriously called in the Defendant's name. Nobody we can cross examine.

THE COURT: Sustained.

MR. MARTIN: Strictly hearsay. He knows it. At this time I move for a mistrial."

Thereafter, a conference at the bench was conducted out of the court reporter's hearing at the conclusion of which the court announced: "Overrule your first Motion for a mistrial and sustain your second Motion." As to the nature of the second motion, we are left to speculate. It was obviously not a mistrial motion. The trial continued. Whatever the nature of the motion, the appellant thereafter requested no further relief.

Clearly the question propounded called for a hearsay answer and should not have been asked. The State does not contend otherwise but cites Hendrix v. State, 474 S.W.2d 230, 232 (Tex.Cr.App.1972), for the proposition that there was no timely objection, noting that the question was the third such question asked about the same subject matter.

■ Be that as it may, the general rule is that a judgment will not be reversed for error in the admission of improper evidence if the same facts were proved by other proper testimony. See 5 Tex.Jur.2d Appeal and Error—Criminal § 446, p. 704.

In the instant case, the complaining witness clearly identified the appellant as his assailant, and another witness placed him at the scene of the robbery shortly before it took place. His fingerprints were found on the 7–11 envelopes. In light of these facts, plus the fact that his objection was sustained; that he failed to request a jury instruction to disregard and requested no further relief after his "second motion" was sustained, we are not inclined to reverse the judgment of conviction.

■ Appellant further complains that the court erred in permitting the State to introduce hearsay testimony from a Dallas Police fingerprint examiner that he had compared a known set of fingerprints with the fingerprint lifted from the State's Exhibit No. 3 (a 7–11 envelope).

Officer Brown related he lifted a fingerprint from the said exhibit on July 14, 1969, and, then, without objection, testified he had received appellant's name from Detective Willingham and compared the fingerprint on the exhibit with "a known set of fingerprints" of the appellant and found them to be "one and the same."

■ In absence of objection, nothing is presented for review. See Brown v. State, 460 S.W.2d 925 (Tex.Cr.App.1970).

Further, it is observed that subsequently Lt. J. C. Day testified that he personally fingerprinted the appellant on the day of his arrest and compared such fingerprints with the one on State's Exhibit No. 3 and found that the fingerprints matched.

■ It is appellant's contention that since the State had Lt. Day's testimony available, there was no need to show that appellant had a previously known set of fingerprints which would indicate that he had a prior criminal record. As noted in Bundren v. State, 211 S.W.2d 197 (Tex. Cr.App.1948), " 'fingerprints' are a means of identification, and proof that one has an

established fingerprint record is not proof that he is a criminal or that he has previously been convicted of crime." See also Vessels v. State, 432 S.W.2d 108, 117 n. 2 (Tex.Cr.App. 1968).

■ Next, appellant contends the court erred in permitting the State to ask an improper question of Officer Boyd on redirect examination. The record reflects the following:

"Q. Detective Boyd, you being the one who filed this case, I will ask you if you received information regarding State's Exhibit No. 2 (a .32 Caliber pistol) having been found out in Shankle's home, the Co-Defendant in this case—the one that will be tried a little later?

MR. MARTIN: Objection, Your Honor.

THE COURT: Sustained.

Q (By Mr. Scott) Do you know anything about State's Exhibit No. 2?

A. No, sir, I don't know anything about it."

After the witness was excused and in absence of the jury, the appellant moved for a mistrial. The motion was overruled but the jury upon its return was instructed to disregard the prosecutor's question, and to "disregard it completely."

Without citation of authority, the appellant urges that "the mere asking of the question as a factual statement" was so prejudicial that a jury instruction to disregard alone was insufficient to cure its harmful effect. While the prosecutor should not have framed his question as he did, we conclude that in view of the answer given, the sustaining of the objection, and the jury instruction, no reversible error is shown.

■ Lastly, appellant complains of the prosecutor's comment made during the jury argument at the penalty stage of the trial concerning appellant's failure to testify.

Prior to the complained of argument, the prosecutor stated:

" . . . Did he abandon the robbery right in the middle and say, 'Gosh, I wish I'd never gotten in this. You go on in the bank and make that deposit. I'm sorry, I'm going to turn myself in . . . .'"

Following an objection that the prosecutor was "outside the record," which was overruled, the record reflects the following:

"You didn't hear any testimony about him saying, 'Gosh, I'm sorry I have to rob you, but I need money for my starving family.' If that had happened, that might mitigate the penalty, but it didn't."

Such argument was objected to on the ground that the prosecutor was commenting on the appellant's failure to take the stand. The prosecutor immediately responded that he was "talking about res gestae statements." The objection was overruled as well as the mistrial motion.

Article 38.08, Vernon's Ann.C.C.P., prohibits allusion to or comment upon the failure of an accused to testify in his own behalf. See Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).

■ In Ramos v. State, 419 S.W.2d 359, 367 (Tex.Cr.App.1967), it was observed that for the argument to offend the above cited statute, the language used must be looked to from the standpoint of the jury, and the implication that the language used had reference to an accused's failure to testify must be a necessary one. It is not sufficient that the language might be construed as an implied or indirect allusion thereto. Such also Lipscomb v. State, 467 S.W.2d 417 (Tex.Cr.App.1971).

In the instant case, the argument, when taken in the context in which it was made, does not reflect that it was a comment upon the appellant's failure to testify.

Appellant's contention is without merit.

Appellant's pro se brief has also been considered. In many respects it merely duplicates the grounds of error raised by his counsel. The other contentions are without merit.

The judgment is affirmed.