Donald Wade DUBOSE, Appellant,

v.

The STATE of Texas, Appellee.

No. 50606.

Court of Criminal Appeals of Texas.

Nov. 26, 1975.

Rehearing Denied Jan. 14, 1976.

Harry Louis Zimmermann, Dallas, for appellant.

Henry Wade, Dist. Atty. and W. T. Westmoreland, Jr., Jim Johnston and Fred Davis, Asst. Dist. Atty's, Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

The appellant was convicted of robbery. The jury found that the appellant had previously been twice convicted of felony offenses prior to the instant offense. Punishment was assessed at life in accordance with Sec. 12.42(d) of the Penal Code.

The sufficiency of the evidence is not challenged.

Appellant complains of the following argument, made by the prosecutor at the guilt or innocence stage:

"Now, not one time during this entire proceeding, not one single time, not one sentence, not one scintilla of evidence, not one word in any way *did this defendant or these attorneys challenge the credibility of Peggy Lou Edwards.*

"MR. ZIMMERMANN: Your Honor, I object to Mr. Johnson's innuendo on the defendant's failure to testify.

"THE COURT: Overruled.

"MR. JOHNSON: When the Judge overrules the objection, you may consider what I have to say." (Emphasis Supplied)

The argument complained of becomes even more clearly a comment on the failure of the appellant to testify when the facts of the case are considered. The record reflects that during the robbery which occurred on September 4, 1973, only the complainant, Mrs. Peggy Lou Edwards, and the robber were present. The jury was aware that there was no other witness that could be called to testify about the appellant's presence. It is uncontroverted that there was no other witness to the robbery than the victim and the robber. In this context and from the perspective of the jury the argument becomes even more clearly a comment on the failure of the appellant to take the stand and testify.

The argument complained of clearly falls within the prohibition of Art. 38.08, V.A.C. C.P., Art. 1, Sec. 10, of the Constitution of the State of Texas, and the Fifth Amend-

ment of the United States Constitution. See *Bird v. State,* 527 S.W.2d 891 (Tex.Cr. App.1975) where Presiding Judge Onion cites and discusses most of the recent cases on prosecutorial comment on the failure of the defendant to testify.

In the case before us there can be no doubt that the remarks of the prosecutor amounted to a nearly direct comment on the failure of the appellant to testify.

Because of the manifestly improper argument of the prosecutor the judgment is reversed and the cause remanded.

Opinion approved by the Court.

DOUGLAS, J., not participating.

## OPINION ON STATE'S MOTION FOR REHEARING

ONION, Presiding Judge.

On original submission this cause was reversed because of the prosecutor's comment during jury argument on the appellant's failure to testify. In concluding the argument was improper we noted that the evidence reflected that only the complaining witness, Peggy Lou Edwards, and the robber were present at the time of the alleged offense and the jury was aware there was no other witness that could be called to testify about appellant's presence at the robbery.

On rehearing the State claims the factual basis for the court's decision is "simply incorrect" and contends that one Ballard observed the robbery and was a witness at the trial. A re-examination of the record reflects that the State has misread the record.

Robert C. Ballard, assistant manager of a Woolworth store in the shopping center where the alleged offense occurred, testified that on the date in question the appellant came up to his store as it was being closed and was told the store was closed. He related that later he heard a woman "later . . . identified as Mrs. Woods"

scream, that he went out into the parking area, that he did not see the appellant with "Mrs. Woods," but to his left he did see the appellant walking about fifteen feet away. He observed the appellant look back at him and other individuals there and then get into a red Ford pickup and drive away.

It is obvious that Ballard's testimony related to an extraneous matter involving "Mrs. Woods" which he did not personally observe. This testimony in no way made him a witness to the instant robbery case where the complaining witness was shown to be Peggy Lou Edwards.

The State also urges that the prosecutor's remark raised the question of the credibility not the contradiction of the complaining witness and since her credibility could have been attacked in other ways than by the appellant's own testimony there was no reversible error in the argument. We remain convinced, however, that when the remark is viewed from the standpoint of the lay jurors it could hardly be construed as anything but reference to appellant's failure to testify. See *Yates v. State,* 488 S.W.2d 463 (Tex.Cr.App.1972).

Although it was not mentioned in the opinion on original submission, we conclude in connection with appellant's second ground of error that the extraneous offense introduced in the State's case in chief through the testimony of Florence J. Wood[1] should not have been admitted as it was over objection. We find no basis for the admission of this extraneous offense. See *Albrecht v. State,* 486 S.W.2d 97 (Tex. Cr.App.1972). We observe that appellant did not testify or offer any evidence.

The State's motion for rehearing is overruled.

---

1. This is apparently the same person referred to by the witness Ballard as "Mrs. Woods."