· **Alton Eugene MYERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55348.**

Court of Criminal Appeals of Texas, Panel No. 3.

Nov. 8, 1978.

Frank W. Sullivan, III, Fort Worth, for appellant.

Davis S. McAngus, Asst. State's Atty., for the State.

Before DOUGLAS, DAVIS and VOLLERS, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for possession of more than four ounces of marihuana. Art. 4476–15, Sec. 4.05(a) & (b)(1), V.A.C.S. The jury assessed punishment at ten years and a $5,000 fine.

The appellant and his wife were tried together in a joint trial. As hereinafter noted, a mistrial was declared as to appellant's wife.

Since we find that the prosecutor's commenting on appellant's failure to testify requires reversal of this cause, it is not necessary to set out the facts or reach appellant's other grounds of error.

The argument complained of occurred during the prosecutor's final argument. The record reflects the following occurred during the argument:

"That man right there, no question about it, should be sent to the penitentiary. Why would a man have 269 pounds of marijuana?

"Now, they have come here—Those two people have talked about everything except why that man had 269 pounds of marijuana out there in that pickup. There has been no explanation of that.

"MR. HILL [defense counsel]: We would object at this time on the grounds—Let us approach the Bench with the Court Reporter.

"(At this time, the attorneys and the Court Reporter approached the Bench out of the hearing of the Jury.)

"MR. HILL: We would object on the grounds that he is commenting on the failure of the Defendants to testify. He said there has been no explanation of it.

"THE COURT: Overrule your objection.

"MR. SMITH [defense counsel]: Note our exception."

While the foregoing argument forms the basis of appellant's ground of error, we note that the argument which followed resulted in a mistrial being granted as to appellant's wife.

"MR. TANDY: He talked to you about that a minute ago saying that the State didn't bring them in because they were trying to hide something from you. We weren't trying to hide anything from you. You heard those officers testify that some of the officers were out there guarding the road. That's all they were doing out there. They didn't ask you to say by your verdict not guilty because they didn't have the marijuana. Everybody knows they had it in the pickup truck and it was in the house.

"Now, let me ask you this: Where was this found (Indicating)? You remember from the testimony where it was found. They wanted to talk about that. It was found in the refrigerator. How many of you women don't know what's in your refrigerator? She is sitting over there trying to tell you that she doesn't know anything. She is not saying anything—just sitting here.

"MR. HILL: Your Honor, we are going to object again on the same grounds that we did previously.

"THE COURT: Bailiff, if you will retire the Jury."

The trial court granted a mistrial in the wife's case. The record indicates that the judge ordered the jury to disregard the statement as to the appellant but denied a motion for mistrial.

We first note that the objection to the argument in question was overruled. Therefore we are not presented with a question of whether a timely instruction cured the error in question.

The State maintains that "those two people" referred to the appellant's attorneys. Assuming, arguendo, that this is true, the remark was still improper.

The State may not comment on the accused's failure to testify. Tex.Const., Art. I, Sec. 10; Art. 38.08, V.A.C.C.P., *construed in Pollard v. State*, Tex.Cr.App., 552 S.W.2d 475; *Dubose v. State*, Tex.Cr.App., 531 S.W.2d 330; *Bird v. State*, Tex.Cr.App., 527 S.W.2d 891; U.S.Const., Amend. V, *construed in Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The comment must be more than an implied or indirect allusion to the defendant's silence, however. *Pollard v. State*, supra; and *Bird v. State*, supra. The remark, when viewed from the jury's viewpoint, must have necessarily referred to the defendant. *Griffin v. State*, Tex.Cr.App., 554 S.W.2d 688; *Nowlin v. State*, Tex.Cr.App., 507 S.W.2d 534. But an indirect comment that labels certain evidence as uncontroverted, unrefuted, or uncontradicted is impermissible if only the

defendant could offer the rebutting evidence. *Pollard v. State*, supra; *Dubose v. State*, supra; *Bird v. State*, supra. Thus, if the remark complained of called the jury's attention to the absence of evidence that only the testimony from the appellant could supply, the conviction must be reversed.

█ Read in the light most favorable to the State's interpretation of this argument, the prosecution simply posed the rhetorical question of why the appellant had such a large quantity of marihuana, and noted that no explanation was made. The inference from this argument was that it was a quantity that would be possessed only for the purposes of sale. Only the appellant or his wife, who was a co-defendant, could offer the explanation called for. We find that the argument was an allusion to the appellant's and his wife's failure to testify and requires reversal.

The judgment is reversed and the cause remanded.