Harvey Dale ANGEL, Appellant,

v.

The STATE of Texas, Appellee.

No. 61664.

Court of Criminal Appeals of Texas, Panel No. 1.

Feb. 10, 1982.

---

Dick Clark, Waco, for appellant.

Felipe Reyna, Dist. Atty. and Karen C. Matkin, Asst. Dist. Atty., Waco, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for indecency with a child. Punishment was assessed at ten years' confinement and a fine of $5,000.00.

Although appellant raises five grounds of error on appeal, we find it necessary to consider only the issue of whether the State improperly commented on appellant's failure to testify. The following portion of argument is challenged:

> "*It is not contested*, basically, that on July 15, 1978, in McLennan County, Texas, the Defendant, Harvey Dale Angel, intentionally and knowingly exposed his genital organs to little Amy Robinson, knowing she was present, with the intent to arouse and gratify his own sexual desires. Now, that's just basically what is *not contested* in this case. *It's not being contested.*" (Emphasis added.)

Appellant's objection that the prosecutor's statement violated the privilege against self-incrimination was overruled. The State argues that the prosecutor's comment was proper because the appellant's defense was not guilty by reason of insanity. We disagree and find that the argument violated Art. 38.08, V.A.C.C.P., which provides that:

> "Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause."

See also Article 1, Sec. 10, Texas Constitution.

 In order to constitute a violation of the statute, as well as the privilege against self-incrimination, the language must be either manifestly intended, or of such a character that the jury would naturally and necessarily take it to be a comment on the defendant's failure to testify. *Johnson v. State* (Tex.Cr.App.), 611 S.W.2d 649; *Griffin v. State* (Tex.Cr.App.), 554 S.W.2d 688; *Hicks v. State* (Tex.Cr.App.) 525 S.W.2d 177. The challenged comment must be viewed from the standpoint of the jury and the language must be more than an implied or indirect allusion to defendant's silence. *Bird v. State* (Tex.Cr.App.), 527 S.W.2d 891; *Anderson v. State* (Tex.Cr. App.), 525 S.W.2d 20; *McDaniel v. State* (Tex.Cr.App.), 524 S.W.2d 68. Further, if the remark called the jury's attention to the absence of evidence that only the testimony from the appellant could supply, the conviction must be reversed. *Johnson*, supra; *Myers v. State* (Tex.Cr.App.), 573 S.W.2d 19; *Dubose v. State* (Tex.Cr.App.), 531 S.W.2d 330.

In the instant case there was no other witness to the offense than the victim and appellant. Thus, the only person who could have "contested" the argument that appellant knowingly and intentionally committed the alleged acts was appellant himself. When the remark is viewed from the standpoint of the jury, it may have been construed as a reference to appellant's failure to testify and thus contest the existence of the elements of the offense.

In *Dubose*, supra, the following portion of the State's argument required reversal:

"Now, not one time during this entire proceeding, not one single time, not one sentence, not one scintilla of evidence, not one word in any way did this defendant or these attorneys challenge the credibility of Peggy Lou Edwards."

This Court held the remark to be an impermissible comment on the defendant's failure to testify, making particular note of the fact that only the complainant (Peggy Lou Edwards) and the robber were present. As with the instant case, the only other person who could "challenge" was the defendant.

This rule was again recognized in *Myers v. State*, supra, wherein we stated that "... an indirect comment that labels certain evidence as uncontroverted, unrefuted, or uncontradicted is impermissible if only the defendant could offer the rebutting evidence." In *Myers*, the prosecutor made the following remark in final argument:

"Now, they have come here—those two people have talked about everything except why that man had 269 pounds of marijuana out there in that pickup. *There has been no explanation of that.*" (Emphasis added.)

The Court reversed, holding that only the defendant or his wife, a co-defendant, could offer the explanation called for.

 We find that the remarks in the case before us constitute an impermissible comment on appellant's failure to testify and the fact that the defense of insanity was raised does not require a contrary result. Such a defense does not permit the State to imply during argument that if the defendant is truly innocent he would not remain silent.

The judgment is reversed and the cause remanded.