NUMBER 13-03-291-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


KARL DAVIS, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 94th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Yañez


 


 By two points of error, appellant, Karl L. Davis, challenges his conviction for sexual
assault. We affirm.

 As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of the Court's decision and the basic reasons for it. See Tex. R. App. P. 47.4.

 The record contains the trial court's certification that the case is not a plea-bargain
case and the defendant has the right of appeal. See Tex. R. App. P. 25.2(a)(2).

 By his first point of error, appellant contends that he was denied a fair trial due to
improper jury argument during the State's closing argument. Specifically, appellant
contends that: 1) the prosecution improperly referred to the defense's strategy as an
"octopus defense;" 2) the prosecution improperly characterized the defense as the "dog
defense;" 3) the prosecution commented on the accused's failure to testify; and 4) the
prosecution improperly asked the jury to use its sympathy for the complainant. We
disagree.

 The standard of review for improper jury argument is to review the record in its
entirety to determine whether any erroneous statements were made, and if so, whether
they were so prejudicial as to deprive the appellant of a fair and impartial trial. Willis v.
State, 785 S.W.2d 378, 385 (Tex. Crim. App. 1989). The failure to object to a jury
argument forfeits the right to complain about the argument on appeal. Cockrell v. State,
933 S.W.2d 73, 89 (Tex. Crim. App. 1996). See Tex. R. App. P. 33.1. 

 Here, appellant forfeited his right to complain about the prosecution's statements
by failing to object at the trial level. See id. In addition, appellant's pro se motion for new
trial failed to raise the issue of improper closing argument. However, even if appellant had
preserved his complaint for review, we conclude that the arguments were not improper.

 There are four areas that are permissible for jury argument: (1) summation of the
evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing
counsel; and (4) plea for law enforcement. Alejandro v. State, 493 S.W. 2d 230, 231 (Tex.
Crim. App. 1973); see Wilson v. State, 938 S.W.2d 57, 59 (Tex. Crim. App. 1996); Gaddis
v. State, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988). An argument which exceeds these
bounds is error, but only becomes subject to reversal if, in light of the record as a whole,
the argument is extreme or manifestly improper, violative of a mandatory statute, or injects
new facts harmful to the accused, into the trial. Felder v. State, 848 S.W.2d 85, 94-95
(Tex. Crim. App. 1992); see Everett v. State, 707 S.W.2d 638, 640 (Tex. Crim. App. 1986);
Borgen v. State, 672 S.W.2d 456, 458 (Tex. Crim. App. 1984). The use of an analogy to
emphasize or explain evidence is acceptable. Broussard v. State, 910 S.W.2d 952, 959
(Tex. Crim. App. 1995). Counsel is allowed wide latitude to draw inferences from the
evidence so long as the inferences drawn are reasonable, fair, legitimate, and offered in
good faith. Gaddis, 753 S.W.2d at 398.

 In order for a comment on the failure of an accused to testify in his own behalf to
constitute reversible error, the language must be manifestly intended or of such a character
that the jury would necessarily and naturally take it as a comment on the accused's failure
to testify. Banks v. State, 643 S.W.2d 129, 134 (Tex. Crim. App. 1982); see Tex. Code
Crim. Proc. Ann. art. 38.08 (Vernon Supp. 2004); Angel v. State, 627 S.W.2d 424, 426
(Tex. Crim. App. 1982). Language that can reasonably be construed to refer to a failure
to present evidence other than from the defendant's own testimony does not amount to
comment on failure to testify. Swallow v. State, 829 S.W.2d 223, 225 (Tex. Crim. App.
1992).

 In the present case, the prosecution's references to the defense as the "octopus
defense" and "dog defense" were permissible attempts to explain the evidence and
respond to the defense's arguments. The prosecution characterized the defense's
arguments as an "octopus defense" by comparing the arguments to an octopus shooting
out ink and then slithering away. The prosecution also characterized the defense's
arguments as the "dog defense" by stating, "It's called, first of all, A) it wasn't my dog; B)
the dog didn't bite; C) it didn't hurt; and D) all of the above." These arguments did not
attack defense counsel personally. The prosecution used the analogies to explain the
evidence offered by the defense as well as to rebut the defense's arguments. See
Broussard, 910 S.W.2d at 959 (use of analogy to explain evidence is acceptable). Closing
arguments are allowed to explain evidence and answer the arguments of opposing
counsel. Alejandro, 493 S.W. 2d at 231. 

 Likewise, there was no attempt by the prosecution to comment on the failure of the
appellant to testify in his own defense. The prosecution's argument, "We have heard
absolutely no evidence. . . ." merely referred to a failure by the defense to present
evidence. It did not rise to the level that a jury would likely view as a comment on the
accused's failure to testify. See Banks, 643 S.W.2d at 134. "Language that can
reasonably be construed to refer to a failure to present evidence other than from the
defendant's own testimony does not amount to comment on failure to testify." Swallow,
829 S.W.2d at 225.

 Additionally, we conclude that the State did not improperly attempt to invoke
sympathy for the complainant. The prosecution's comment, "Can you imagine what it
would have been like . . . ?" was a response to the defense's attacks on the credibility of
the victim. An answer to an argument of opposing counsel is a proper jury argument. 
Alejandro, 493 S.W. 2d at 231.

 We conclude that the challenged arguments were not improper and are therefore
not reversible. In order to constitute reversible error, an argument must be viewed in light
of the entire record. Felder, 848 S.W.2d at 94-95. An argument is not reversible unless
the argument is extreme or manifestly improper, violative of a mandatory statute, or injects
new facts, harmful to the accused, into the trial. Id. The arguments challenged by
appellant do not rise to this level. We overrule appellant's first point of error.

 In his second point of error, appellant contends he was denied the effective
assistance of trial counsel. We disagree.

 Strickland v. Washington, 466 U.S. 668 (1984), sets forth the standard of review for
effectiveness of counsel. See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999). Strickland requires a two-part inquiry. Id. The defendant must first show that
counsel's performance was deficient, in that it fell below an objective standard of
reasonableness. Id. Second, the defendant must further prove there is a reasonable
probability that but for counsel's deficient performance, the result of the proceeding would
have been different. Id. A reasonable probability is a probability sufficient to undermine
confidence in the outcome. Id.

 The determination regarding whether a defendant received effective assistance of
counsel must be made according to the facts of each case. Id. An appellate court looks
to the totality of the representation and the particular circumstances of the case in
evaluating counsel's effectiveness. Id.

 The appellant bears the burden of proving by a preponderance of the evidence that
counsel was ineffective. Id. at 813. There is a strong presumption that counsel's conduct
fell within the wide range of reasonable professional assistance. Id. To defeat the
presumption of reasonable professional assistance, "any allegation of ineffectiveness must
be firmly founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness." McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). 

 Appellant contends his trial counsel was ineffective for: (1) failing to challenge
improper arguments made by the prosecution during closing argument; (2) failing to
challenge the only evidence of his guilt-the DNA evidence-by stipulating that the DNA
evidence matched appellant's, which, in turn, allowed the jury to learn appellant had
committed a previous offense; and (3) failing to explore the possibility of a plea offer for 
appellant.

 Given the standard of review for ineffectiveness of counsel, appellant has not met
his burden to prove trial counsel's representation fell below an objective standard of
reasonableness. Defense counsel was not required to object to the prosecution's jury
arguments, as these arguments were not improper. McFarland v. State, 845 S.W.2d 824,
844 (Tex. Crim. App. 1992) (unnecessary for trial counsel to object to proper jury
arguments); see Mooney v. State, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991) (counsel
not required to file futile motions). 

 Appellant has two complaints in regard to his counsel's stipulation to the DNA
evidence: (1) that the stipulation provided the only evidence identifying the appellant; and
(2) that the stipulation allowed the jury to learn appellant's DNA was on file because of an
extraneous DWI offense. 

 We conclude that defense counsel's failure to object and his stipulation to the DNA
evidence does not fall below an objective standard of reasonableness. The issue of the
DNA evidence was not complained of in the motion for new trial; however, appellant's
counsel did address this issue at the new trial hearing. Counsel testified that he did not
object to the DNA evidence because the defendant did not deny having sex with the victim,
but contended that the conduct was consensual. This falls within the range of reasonable
professional assistance. See Thompson, 9 S.W.3d at 813. There has also been no
showing that the DNA evidence was inadmissable. Failing to object to admissible
testimony does not constitute ineffective assistance. Moore, 983 S.W.2d at 21. We further
conclude that the stipulation which allowed the jury to learn of an extraneous DWI offense
also does not fall below an objective standard of reasonableness. According to the pretrial
hearing, defense counsel stipulated that appellant's DNA was in the database as a result
of a previous DWI because he did not want "the panel thinking that the reason it's on file
is because he's previously victimized somebody else." There is a strong presumption that
counsel's conduct fell within the wide range of reasonable professional assistance. 
Thompson, 9 S.W.3d at 813. 

 Appellant has also failed to establish ineffective assistance of counsel on the basis
of his trial counsel's failure to communicate a plea. At the hearing on the motion for new
trial, appellant's trial counsel stated that he did not explore plea negotiations because 
appellant indicated that he was not guilty. There is a strong presumption that counsel's
conduct fell within the wide range of reasonable professional assistance. See Thompson,
9 S.W.3d at 813. Additionally, appellant's original counsel testified that he sent his legal
assistant to communicate a possible plea to appellant, and that appellant responded
negatively.

 A court must look to the totality of the record in evaluating counsel's effectiveness. 
 Id. In examining this record, there is no indication that counsel's representation fell below
an objective standard of reasonableness. Moreover, the appellant has not shown that a
reasonable probability exists that but for the actions complained of, the result of the
proceeding would have been different. Id. We overrule appellant's second point of error. 
The judgment of the trial court is affirmed.



 

 LINDA REYNA YAÑEZ

 Justice






Do not publish. Tex. R. App. P. 47.2(b).


Memorandum opinion delivered and filed this the

15th day of July, 2004.