IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-06-00201-CV

 

In
re B.S.

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

The petition for writ of mandamus is
denied.

 

 

 

                                                                                    BILL
VANCE

                                                                                    Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Petition
denied

Opinion
delivered and filed July 19, 2006

[OT06]








 






ar, a detective with the Bryan Police Department, attempted to
interrogate Appellant. Aguillar made a second attempt at 10:45 A.M. At both of these attempted
interrogations, Appellant was read the "Miranda" warnings and he signed a card indicating he
understood his rights. However, Aguillar terminated each interview because Appellant "appeared
tired and didn't pay much attention." Appellant testified on direct examination that he told
Aguillar at the second attempted interrogation he did not want to talk, but again he changed his
testimony and later admitted he could not remember whether or not he actually told Aguillar this. 
About 5:20 P.M. later that day, Aguillar took Appellant to the police station, and after the
"Miranda" warnings were again read to him, Appellant gave a statement to Elvin Walker, a police
officer, admitting his participation in the sexual assault offense. Aguillar was present at the time
the statement was given.
          Before trial, a hearing on Appellant's motion to suppress his confession was held. After
the court heard the evidence presented by both sides, it denied Appellant's motion, and later filed
findings of fact and conclusions of law on this issue. In Appellant's first point of error, he
complains that the court erred in denying his motion "because the confession was taken after the
authorities failed to scrupulously honor [his] invocation of his right to remain silent." Generally,
unless the the trial court abused its discretion, the court's findings in a hearing on the issue of the
voluntariness of a confession will not be overturned when there is evidence supporting those
findings. See Taylor v. State, 630 S.W.2d 824, 826 (Tex. App.--Houston [1st Dist.] 1982, no
pet.). There are actually two questions presented in this point of error: (1) Did Appellant invoke
his right to remain silent? And, (2) If Appellant did invoke his right to remain silent, did the
authorities fail to "scrupulously honor" the invocation? We hold that an answer to the second
question is unnecessary because there is evidence indicating that Appellant never invoked his right
to remain silent, which supports the trial court's finding that Appellant's confession was voluntary. 
Appellant compares his case to Watson v. State, 762 S.W.2d 591 (Tex. Crim. App. 1988), in
which the court held that the defendant's refusal to talk to officers on three occasions before he
gave his confession was an invocation of his right to remain silent. Nowhere in the present case
is it clear that Appellant ever refused to talk to any officer at any time. Although Appellant
testified that he said to the officer or officers that he did not want to talk, he contradicted himself
on cross-examination. None of the officers who testified indicated that they knew Appellant did
not want to talk. In fact, Officer Manry testified that after he read Appellant the "Miranda"
warnings, Appellant was "[v]ery cooperative." Aguillar stated that when Appellant was given the
"Miranda" warnings during the attempted interrogations, Appellant signed cards indicating he
understood his rights. There was evidence that the attempted interrogations were ceased because
Appellant was tired, not because Appellant had invoked his right to remain silent. At the time
Appellant gave his confession he was again read his rights, and there was evidence that Appellant
was alert, relaxed, and that he used good speech. Therefore, because there is ample and credible
evidence that Appellant did not invoke his right to remain silent, we must overrule this point.
          Appellant alleges in his second point of error that the court erred "by refusing to allow
[him] to question prospective jurors on the subject of the mentality of an arrestee in relation to the
admissibility of a confession." During voir dire, counsel for Appellant told the prospective jurors:
And Mr. Turner brought up an excellent point; it doesn't have to be because
of violence. I mean, let's face it; if you put somebody in a room and continue to
beat them and beat them and say the beating will stop when you say this, it's only
a matter of time before he says that, you know, that's obvious, no problem. But
what about if there's no violence involved; it gets a little bit tougher. Well, how
about let's look at all the considerations, perhaps, of an individual. Would you
agree that, perhaps, his mentality should be considered? Surely we're not going
to hold the stand ---

At this point, the prosecutor approached the bench and stated to the judge, "[i]f he's going to start
asking jurors to commit on things that are going to be evidentiary, he's getting a prior commitment
from the jury." The court sustained this objection. Appellant insists that because the jury was
faced with the issue of the voluntariness of the confession, he should have been allowed to
question jurors on the subject of the mentality of an arrestee as it pertains to the admissibility of
a confession. The objection made by the State was a proper plea to the court to prohibit Appellant
from asking the veniremen to precommit to a fact issue in the case. See Williams v. State, 481
S.W.2d 119, 121 (Tex. Crim. App. 1972). As the State points out in its brief, the record is clear
that "Appellant was not prevented from questioning panel members on their ability to follow the
law and disregard an involuntary confession." The court's refusal to allow Appellant to receive
a precommitment from the jurors was within its discretion, and accordingly, this point is
overruled. See White v. State, 629 S.W.2d 701, 706 (Tex. Crim. App. 1981). 
          Appellant's third point of error stems from the argument at the conclusion of the guilt stage
of the trial. During argument defense counsel stated, "I ask for a decision that's unbiased, just
based on the evidence. That's all we're asking. I don't envy you in the task of judging one of our
own, but the job is now yours." The prosecutor responded to this request by saying to the jury,
"[B]ut let me say in response to Mr. Holt's statement he doesn't envy your position. Let me tell
you that I do. I would love to be sitting where you are right now and have the ability to do the
right thing...." Appellant complains that this comment by the prosecutor was improper and
requires reversal of his convictions.
          Proper jury argument is limited to these areas: a summation of the evidence, a reasonable
deduction from the evidence, an answer to argument of opposing counsel and a plea for law
enforcement. Denison v. State, 651 S.W.2d 754, 761 (Tex. Crim. App. 1983). The last two
areas apply here. The State's response in this instance was invited by defense counsel's comment
that he did not envy the jurors' task. The prosecutor's retort was simply an assertion that he did
envy the jurors' position. By saying that he would like the opportunity to "do the right thing,"
the prosecutor was, at most, presenting a plea for law enforcement to the jury. Actually, the
comment is ambiguous on its face. Only our presumption that a prosecutor would believe that
"doing the right thing" would mean convicting the defendant makes it even approach the boundary
of suspect jury argument. Additionally, even if the response was a personal opinion of Appellant's
guilt, made neither in response to opposing counsel's argument nor as a plea for law enforcement,
it was still proper. There is no misconduct in a prosecutor's expressing his personal belief in a
defendant's guilt, if such belief is expressly based on the evidence, and the jury is not led to
believe that he is basing his opinion upon evidence outside of the record. Thompson v. U.S., 272
F.2d 919, 921 (5th Cir. 1959); Drew v. State, 743 S.W.2d 207, 218 (Tex. Crim. App. 1978). 
Because the prosecutor's remark was in response to defense counsel's asking the jury to make a
decision based upon "the evidence," the jury was aware that the alleged opinion was based upon
matters in the record. Appellant's third point is overruled. 
          Appellant's final point of error for review also addresses argument at the guilt stage of the
trial. In this point, Appellant claims that the State improperly commented on his failure to testify. 
The comment was:
 The difference between sexual assault and aggravated sexual assault only lies
in where there [are] threats of death or serious bodily injury and was she placed in
the fear of that situation. And from Holly Frizzell's testimony there can be
absolutely no question about that fact. The lesser included offense is there of
simple sexual assault; that is if you find there were no threats of death or no threats
of placing her in fear of death. Clearly, and I submit to you uncontrovertedly these
three crimes were committed.

Initially, we must stress that the prosecutor did not say that uncontrovertedly these three crimes
were committed by Appellant. The prosecutor's statement was that it was uncontroverted that the
three crimes were committed. Appellant cites Angel v. State, 627 S.W.2d 424 (Tex. Crim. App.
[Panel Op.] 1982), as authority for this point. However, in Angel the prosecutor said "it [was]
not contested" that the defendant committed the offense. Id. at 425. In order for the statement
to be a comment on Appellant's failure to testify, the language of the statement "must be either
manifestly intended, or of such a character that the jury would naturally and necessarily take it to
be a comment of the defendant's failure to testify." Id. at 426. Besides the fact that the comment
was not an allegation that it was uncontroverted that Appellant was the guilty party, the jury would
not have "naturally and necessarily" taken it to be a comment on Appellant's failure to testify
because there was another witness to the offense other than the victim and Appellant who could
have testified--Lynold Williams. See id. "A statement that certain evidence is uncontroverted is
not a comment upon appellant's failure to testify where the record indicates a person other than
the defendant could have offered contradictory testimony." Gorman v. State, 480 S.W.2d 188,
190 (Tex. Crim. App. 1972). Appellant maintains that Williams could not have testified because
he had not been prosecuted for these offenses at the time of Appellant's trial. However, he has
failed to show how this distinction makes a difference, and there is nothing in the record to
indicate that Williams could not have testified. Point four is overruled and the judgment is
affirmed. 
 
                                                                                                                              
                                                                                 TERRY R. MEANS
DO NOT PUBLISH                                                     Justice