Opinion issued September 27, 2007







 






In The

Court of Appeals

For The

First District of Texas






NO. 01-05-01182-CR






DAVID LUKE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 178th District Court

Harris County, Texas

Trial Court Cause No. 906358






MEMORANDUM OPINION

 Appellant, David Luke, appeals from a judgment convicting him for possession
with intent to deliver more than 400 grams of cocaine. See Tex. Health and
Safety Code Ann. § 481.112(a), (f) (Vernon 2003). Appellant pleaded not guilty. 
The jury found appellant guilty and the trial court assessed punishment at 25 years in
prison. In two issues, appellant contends the trial court erred by failing to grant a
mistrial due to the State's improper closing argument that commented on appellant's
failure to testify and by denying appellant's motion for continuance. We conclude that
the trial court did not err by denying appellant's motion for mistrial because the trial
court's instruction to the jury to disregard the improper portion of the closing
argument sufficiently cured any prejudicial effect. We also conclude that the trial
court did not abuse its discretion by denying appellant's motion for continuance
because appellant failed to show specific prejudice from the denial. We affirm the
judgment of the trial court. 

Background

 In response to a report of suspicious behavior from guests at a hotel, Detective 
Frank Fulbright of the Harris County Sheriff's Department was directed to a room
registered to Shon Hamilton, whom he discovered had a Georgia driver's license. 
Detective Fulbright observed that two cars bearing Georgia license plates, a Cadillac
and an Expedition, were parked side by side in the hotel parking lot.

 The detective, as well as other surveillance officers who had joined him,
watched appellant and Jesse Freeman get into the Expedition, while Hamilton got into
the Cadillac. They then drove to a house where, upon arriving, the three men entered
together. The surveillance officers saw Hamilton come out of the house and retrieve
a black leather bag from the Cadillac that he carried back into the house. When the
three men walked out of the house, surveillance officers saw Freeman place the black
bag into the Cadillac. The surveillance officers saw appellant reach in the Cadillac
and grab the black bag, which appellant then handed to Hamilton. Hamilton put the
bag in the Expedition and drove away. Appellant and Freeman left in the Cadillac.

 Police officers stopped the Expedition and Cadillac when the vehicles made a
turn without signaling. Appellant consented to a search of the Cadillac. Officers
found no contraband in the Cadillac. Hamilton, however, did not consent to a search
of the Expedition, so the officers called for a canine unit. A dog trained to detect the
scent of illegal narcotics alerted the officers to the presence of narcotics in the car. 
Upon searching the Expedition, the officers found the black bag, filled with 1.6
kilograms of cocaine. Appellant, Freeman, and Hamilton were each charged with
possession with intent to deliver a controlled substance.

Comment on Failure to Testify

 In his first issue, appellant asserts that the trial court erred by denying his
motion for mistrial because the State improperly commented on his failure to testify.

 The State may not comment on a defendant's failure to testify. U.S. Const.
amend. V; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon
2005); Canales v. State, 98 S.W.3d 690, 695 (Tex. Crim. App. 2003). A comment is
improper when "the language used was manifestly intended or was of such a character
that the jury would necessarily and naturally take it as a comment on the defendant's
failure to testify." Bustamante v. State, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001). 
"[T]he offending language must be viewed from the jury's standpoint, and the
implication that the comment referred to the defendant's failure to testify must be
clear." Id. The possibility that the comment may "be construed as an implied or
indirect allusion" is not sufficient to constitute a violation. Id. However, if the
comment draws the jury's attention to the absence of evidence that could only be
provided by testimony from the defendant, the comment must be found improper. 
Myers v. State, 573 S.W.2d 19, 21 (Tex. Crim. App. 1978); McMullin v. State, No.
14-05-01243-CR, 2006 WL 3797760, at *3 (Tex. App.--Houston [14th Dist.], Dec.
28, 2006, pet. ref'd). In applying this test, the context in which the comment was
made must be carefully considered. Bustamante, 48 S.W.3d at 765. 

 During its closing argument, the State's attorney said,

 Now, before I sit down, I want to ask you one question. I want you to
think about this question. There has been no evidence, none, to answer
this question. Why were these two in Houston? That has not been
answered and they cannot answer it. Thank you. 


Immediately afterwards, the trial counselors for both appellant and his co-defendant
objected on the grounds that the State's arguments shifted the burden of proof to the
defense and were "a direct comment on the defendants not testifying in this case." 
The trial court sustained these objections, and instructed the jury to disregard the
prosecutor's comment. Trial counselors then each made a motion for mistrial based
on the comment, both of which were denied.

 The State's comment referring to the failure of appellant and Freeman to
answer why they were in Houston is an improper comment on their failure to testify
at the trial. See Myers, 573 S.W.2d at 20-21 (holding that State's argument that there
had been no explanation why a man would have 269 pounds of marijuana was
comment on defendant's failure to testify because defendant was only one who could
offer explanation). Although the comment was indirect, it would necessarily and
naturally be construed by the jury as a reference to appellant's failure to testify. See
Bustamante, 48 S.W.3d at 765. The trial court, therefore, properly sustained
appellant's objection and properly instructed the jury to disregard the comment.

 Our task is to determine whether the trial court erred in denying the mistrial. 
We review a trial court's denial of a motion for mistrial for abuse of discretion. Wead
v. State, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004). If the instruction given by the
trial court to the jury cured any prejudicial effect caused by the improper argument,
a reviewing court should find that the trial court did not err in denying the motion for
mistrial. Faulkner v. State, 940 S.W.2d 308, 312 (Tex. App.--Fort Worth 1997, pet.
ref'd).

 We presume the jury obeyed the trial court's instruction to disregard improper
evidence. Waldo v. State, 746 S.W.2d 750, 753 (Tex. Crim. App. 1988) . Therefore,
an instruction to disregard generally cures the prejudice caused by an improper
comment. Dinkins v. State, 894 S.W.2d 330, 357 (Tex. Crim. App. 1995). In rare
cases, however, an instruction to disregard cannot cure the prejudice, such as where
the facts show the comment was "clearly calculated to inflame the minds of the jury
and [was] of such character as to suggest the impossibility of withdrawing the
impression produced on the minds of the jury." Richards v. State, 912 S.W.2d 374,
378 (Tex. App.--Houston [14th Dist.] 1995, pet. ref'd). A comment that is so
inflammatory that an instruction to disregard cannot cure its prejudicial effect must
be extreme or manifestly improper, inject new and harmful facts into the case, or
violate a mandatory statutory provision. Long v. State, 823 S.W.2d 259, 267 (Tex.
Crim. App. 1991) (quoting Hernandez v. State, 819 S.W.2d 806, 820 (Tex. Crim.
App. 1991)). 

 The prosecutor's comment in the present case, although improper, did not
directly refer to appellant's failure to testify, nor did it add new and harmful facts into
the case. Although the State's comment violates the mandatory language of Article
38.08, such violations have been specifically determined to be curable through an
instruction to disregard. See Tex. Code Crim. Proc. Ann. art. 38.08; Waldo, 746
S.W.2d at 753.

 The trial court immediately instructed the jury to disregard the comment and
also instructed the jury in its written instruction that it was not to consider appellant's
failure to testify. (1) The impression potentially produced in the minds of the jurors by
the prosecution's comment was withdrawn by these jury instructions.

 We conclude that the State's comment, while improper, was not so blatant and
inflammatory that it rendered the instruction to disregard ineffective. See Long, 823
S.W.2d at 267. We hold that the trial court properly denied appellant's motion for
mistrial because the trial court's instruction to disregard the comment adequately
cured any prejudicial effect caused by the improper statement. See id.

 We overrule appellant's first issue. 

Motion for Continuance

 In appellant's second issue, he contends that the trial court erred by denying
his motion for continuance to allow more time for an absent witness to arrive in court. 
Specifically, he asserts that the absent witness, Corey Riggins, would have provided
material evidence essential to appellant's defense, and that appellant was therefore
prejudiced by the trial court's denial of his motion. (2)

 We review a trial court's ruling to grant or deny a motion for continuance for
abuse of discretion. Vasquez v. State, 67 S.W.3d 229, 240 (Tex. Crim. App. 2002). 
An abuse of discretion is established if the defendant can show that he was actually
prejudiced by the denial of his motion. Id. 

 Appellant states that Corey Riggins, the uncle of appellant's daughter, would
have testified that appellant was on his way to pick up his daughter in Killeen, Texas
at the time of his arrest, which would explain appellant's presence in Texas and thus
is material to appellant's defense. The trial court, however, found this information
to be immaterial because Corey Riggins did not have personal knowledge that
appellant was on his way to Killeen to pick up the child and therefore any testimony
from him to that effect would have been inadmissible hearsay. Additionally, Jessica
Riggins, appellant's girlfriend and Corey Riggins's sister, was present at trial and
testified that appellant was on his way to Texas to pick up their daughter from her
brother's house in Killeen, Texas. Appellant cannot show that he was actually
prejudiced by the denial of the continuance to allow more time for Corey Riggins to
arrive because Jessica Riggins's testimony provided the same explanation of
appellant's presence in Texas that Corey Riggins would have provided. See Vasquez,
67 S.W.3d at 240-41.

 Appellant has thus failed to establish that he was prejudiced by the trial court's
discretionary ruling. Id. We therefore conclude that the trial court did not abuse its
discretion in denying appellant's motion for continuance. See Tucker v. State, 109
S.W.3d 517, 521 (Tex. App.--Tyler 1999, pet. ref'd). 

 Appellant's second issue is overruled. 

 Conclusion

 We affirm the judgment of the trial court.




 

 Elsa Alcala

 Justice


Panel consists of Chief Justice Radack and Justices Alcala and Bland.

Do not publish. Tex. R. App. P. 47.2(b).
1. Here, the curative effect of the instruction to disregard the State's improper comment
was bolstered by the trial court's jury charge, which stated: 


 Our law provides that a defendant may testify in his own
behalf if he elects to do so. This, however, is a right accorded
a defendant, and in the event he elects not to testify, that fact
cannot be taken as a circumstance against him.

 In this case, the defendant has elected not to testify and
you are instructed that you cannot and must not refer to or allude
to that fact throughout your deliberations or take it into
consideration for any purpose whatsoever as a circumstance
against him. 
2. Corey Riggins had appeared in court on December 6, 2005 prepared to offer his
testimony, but the court adjourned before he had the opportunity to do so. He was
sworn to return to court to testify on December 12, 2005 but was unable to arrive on
time due to car trouble. He fixed his car that morning and would have been able to
arrive by late afternoon, so appellant and his co-defendant made several oral motions
for a continuance to allow an additional four hours for him to arrive. The judge
denied each of these motions, and later denied a written motion to the same effect.