# NO. 12-09-00294-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GEORGE ANN ANDERSON,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### MEMORANDUM OPINION

George Ann Anderson appeals from her conviction for driving while intoxicated. In one issue, Appellant argues that she received ineffective assistance of counsel. We affirm.

### BACKGROUND

A Smith County grand jury indicted Appellant for the felony offense of driving while intoxicated. The grand jury alleged that she had two prior convictions for driving while intoxicated and an unrelated prior felony conviction. Appellant pleaded not guilty to the charge of driving while intoxicated, but admitted that she had two prior convictions for driving while intoxicated.

There had been a fire at Appellant's home about four months prior to the traffic stop that preceded Appellant's arrest in this case. At the time she was stopped, Appellant's truck was full of various items she had removed from her home. During closing argument, Appellant's attorney asked the jury to consider the "normal mental and physical faculties of someone whose house burned down about four months before [the] stop and is riding around with all of her belongings in the car." At the end of his argument, her attorney returned briefly to the same theme, noting that "people find themselves in different circumstances, in different states of mind throughout their life." He argued that "there are many other reasons in this case, other than the consumption of alcohol, for [Appellant] to behave in a way that at least [the officer] saw for her erratic driving, for everything that happened that day."

In rebuttal, the prosecutor said, "[A]nd then to come back and say this – – this actually does bother me a little bit. Well, see she – – her house burned down - – which, let me tell you this real quick. The officer said he was aware of that. Did you hear any evidence or anything about how it affected her? Not a lick. Nothing. So don't buy that." Appellant's counsel did not object to the State's argument.

The jury found Appellant guilty as charged. A sentencing hearing was held. The jury found that she had a prior felony conviction and assessed a sentence of imprisonment for sixteen years and a fine of ten thousand dollars. This appeal followed.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In a single issue, Appellant argues that her attorney did not provide effective assistance of counsel because he did not object to the State's argument about the lack of evidence as to how the fire affected Appellant.

### Applicable Law

Claims of ineffective assistance of counsel are evaluated under the two step analysis articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The first step requires an appellant to demonstrate that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065; *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). Counsel's representation is not reviewed for isolated or incidental deviations from professional norms, but on the basis of the totality of the representation. *See Strickland*, 466 U.S. at 695, 104 S. Ct. at 2069.

The second step requires the appellant to show prejudice from the deficient performance of his attorney. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). To establish prejudice, an appellant must show that there is a reasonable probability that the result of the proceeding would have been different but for counsel's deficient performance. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

We begin with the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). As part of this presumption, we presume counsel's actions and decisions were reasonable and were motivated by sound trial strategy. *See id*. Appellant has the burden of proving ineffective assistance of counsel. *See id*.

To show ineffective assistance of counsel for the failure to object during trial, the applicant must show that the trial court would have committed error in overruling the objection. *See Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004). A prosecutor's comment that refers to a defendant's failure to testify violates the accused's Fifth Amendment right against compelled self-incrimination. *See Canales v. State*, 98 S.W.3d 690, 695 (Tex. Crim. App. 2003) (citing *Griffin v. California*, 380 U.S. 609, 85 S. Ct. 1229, 1232–33, 14 L. Ed. 2d 106 (1965)); *Bustamante v. State*, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001)). To be a violation of the defendant's right not to testify, a comment must clearly refer to the defendant's failure to testify. *Canales*, 98 S.W.3d at 695. It is not a violation if the comment "might be construed as an implied or indirect allusion" to the defendant's failure to testify. *Id*. The test is whether the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify. *Id*.

Proper jury argument will generally fall within one of four categories: (1) summary of the evidence, (2) reasonable deduction from the evidence, (3) response to argument of opposing counsel, and (4) plea for law enforcement. *See Ex parte Lane*, 303 S.W.3d 702, 711 (Tex. Crim. App. 2009).

**Analysis**

Appellant asserts that her trial counsel's conduct was below professional norms because he did not object to the prosecutor's argument that there was no evidence as to how the fire at Appellant's house affected her.

There was no evidence as to how the fire affected Appellant. Appellant argues that the prosecutor's comment unfairly burdened her right not to testify because only she could have provided this evidence. *See Griggin v. California*, 380 U.S. 609, 614, 85 S. Ct. 1229, 1232–33, 14 L. Ed. 2d 106 (1965) (A comment on the defendant's failure to testify is a "remnant of the inquisitorial system of criminal justice" and is forbidden by the Fifth Amendment because it "cuts down on the privilege [against self incrimination] by making its assertion costly."). We disagree with Appellant's analysis.

A prosecutor must be cautious when making arguments about a lack of evidence when that evidence could have been supplied by the defendant. The right to remain silent is a constitutional right. *Id*. Further, Texas law specifically protects a defendant from comments on or allusions to her failure to testify. TEX. CODE CRIM. PROC. ANN. art.

3

38.08 (Vernon 2005). Direct comments are impermissible, but an argument is also improper if it directs the jury's attention to an absence of testimony only the defendant could supply. *See Angel v. State*, 627 S.W.2d 424, 426 (Tex. Crim. App. 1982).

In this case, however, it is likely that another witness could have explained Appellant's condition if the fire at her home damaged her emotional health to the point that it would explain her actions the day she was arrested. As such, the jury would not necessarily take the prosecutor's argument to be a comment on Appellant's decision not to testify, and it can be fairly understood to be a comment on a lack of evidence that could have come from a source other than Appellant. *See Nowlin v. State*, 507 S.W.2d 534, 536 (Tex. Crim. App. 1974).

We also agree with the State that the prosecutor's brief statement can be understood to be a response to Appellant's counsel's argument. Appellant's counsel argued that the "normal mental and physical faculties of someone whose house burned down about four months before [the] stop and is riding around with all of her belongings in the car" might be different from that of another person. The prosecutor responded that there was no evidence to support the implied assertion that Appellant's mental state was unusual.

The test is whether the comment was intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify. *See Bustamante v. State*, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001). The State did not specifically point out that Appellant had not testified. A jury could reasonably understand the comment to be a response to counsel's rhetorical question about the mental state of a person whose home had recently burned and not a comment on Appellant's decision not to testify. Because it was a response to argument by Appellant's counsel, and because there could have been evidence from a source other than Appellant's testimony addressing her mental health, a jury would not necessarily or naturally take the prosecutor's statement as a comment on Appellant's failure to testify. For these reasons, it would not have been error for the trial court to overrule an objection to this argument. Accordingly, counsel's performance was not deficient. *See Ex parte White*, 160 S.W.3d at 53. We overrule Appellant's sole issue.

4

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.

**SAM GRIFFITH**
Justice

Opinion delivered August 25, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)