Ray Julius THOMPSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 66398.

Court of Criminal Appeals of Texas,
En Banc.

June 8, 1983.

Jim Meyer, Waco (Court-appointed), for appellant.

Felipe Reyna, Dist. Atty., and Karen C. Matkin, Asst. Dist. Atty., Waco, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

OPINION

CAMPBELL, Judge.

This is an appeal from a conviction for aggravated assault. Punishment, enhanced by a prior felony conviction, is imprisoned for twenty years.

In appellant's sole ground of error, he maintains that the trial court erred by overruling his objection to a portion of the state's argument made during the guilt-innocence phase of the proceedings. The record indicates the following transpired at trial:

"[PROSECUTOR]: ... There is one thing more I want to say here. You know, there has been a lot of testimony about who was there and who saw what. And there is one person we haven't heard from in this case, who could testify a lot about what was going on, and that's Miss Turner here. Tyler. Excuse me.

"[DEFENSE COUNSEL]: Your honor, at this time, I want to make an objection. When Mr. Malone [Prosecutor] was making his outbursts on the one person that hadn't testified, he leered and directly looked at the defendant—

"[PROSECUTOR]: I object to that.

"[DEFENSE COUNSEL]: —and nodded his head over there.

"Well, that's looking at the defendant.

"[PROSECUTOR]: I did not.

"THE COURT: Don't argue.

"[DEFENSE COUNSEL]: Well, Your Honor, I want the record to reflect that I am holding the statement of Jean Tyler, which I handed to Mr. Meyer yesterday and told him we would not object to it, if he wanted to offer it in evidence.

"THE COURT: I'll overrule your objection.

"[DEFENSE COUNSEL]: All right. At this time, we would like to move for a mistrial, Judge, based on the same grounds.

"THE COURT: Denied."

At the conclusion of the trial appellant filed a motion for a new trial premised in part upon the state's improper argument. In support of this contention appellant filed three sworn statements regarding the attendant circumstances surrounding the prosecutor's remarks. The statements were made by counsel and co-counsel for the defense as well as by the defendant's grandmother. All three statements recite the same basic description of the events:

"On April 9, 1980 I was present and participating in the trial of Ray Julius Thompson, the Defendant in the case of the State of Texas vs. Ray Julius Thompson Cause Number 80–61–C. Towards the end of Assistant District Attorney, Lynn Malone's opening argument on guilt or innocence, he moved from the front of the jury, backing up towards me and stopping several feet in front of where I was sitting at the counsel table. Mr. Meyer was sitting between Mr. Malone and myself with the Defendant, Ray Julius Thompson, being seated directly to my right at the end of the table. At that point, Mr. Malone turned slightly, *outstretching his right arm directly towards the Defendant*,[1] over Mr. Meyer's shoulder, and stated 'there is one person we have not heard from in this trial who

could tell us what happened.' After a long pause he then indicated that he was referring to a witness other than the accused. There was absolutely no reason or intention in pointing to the accused and stating what Mr. Malone said other than to refer to the fact that the Defendant had failed to take the stand on his own behalf."

A post trial hearing was held to perfect appellant's objections to the record pursuant to Sec. 40.09(7), V.A.C.C.P. Morris Bowen, the court reporter at trial, testified regarding his transcription of the recording of the trial. He had concluded that a pause of over one second occurred before the prosecutor specified to whom he was referring when he said: "There is one person we haven't heard from in this case who could testify a lot about what's going on."[2] Bowen indicated the pause was not reflected in his transcription.

■ It is hornbook law that the failure of an accused to testify may not be the subject of comment by the prosecution. *Bird v. State*, 527 S.W.2d 891 (Tex.Cr.App.1975). Art. 38.08, V.A.C.C.P. provides:

"Any Defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause."

In *Bird v. State*, supra, this Court noted that such comments violate Art. 1, Sec. 10 of the Texas Constitution's privilege against self incrimination as well as the Fifth Amendment to the United States Constitution.

In *Hicks v. State*, 525 S.W.2d 177 (Tex.Cr.App.1975) this Court examined an almost identical situation to the instant appeal. In

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

2. We note that the State contends in its brief that this argument was meant to explain the absence of a key witness for the State, Jean Tyler. Such contention is beyond the pale of reasonability and common sense. No *reasonably competent* prosecutor would, during jury summation, stand in proximity to appellant and his attorneys and call the jury's attention to the absence and *failure to testify* of one of his (the prosecutor's) eye witnesses.

*Hicks v. State,* supra, Presiding Judge Onion noted:

"In the instant case the alert defense counsel stated for the purpose of the record that the prosecutor was standing behind the appellant when he raised his voice, looked down at the appellant and stated, 'But there is somebody that we haven't heard from in this case. And I think you all know who it is.'"

In holding for the appellant Judge Onion went on to note:

"While the State clearly has the right to comment upon the accused's failure to call a certain witness to support his defensive theory, *Miller v. State,* 458 S.W.2d 680 (Tex.Cr.App.1970); *Joines v. State,* 482 S.W.2d 205 (Tex.Cr.App.1972); *this right may not be utilized in such a way that the prosecutor can improperly comment on the defendant's failure to testify and then excuse the same, upon objection, by stating he was referring to someone else.* In the instant case the prosecutor stated, upon objection, he was referring to Dr. Stockton, while in Garcia the same prosecutor, upon objection, stated he was referring to the defendant's mother. Unlike Garcia, however, this record shows without dispute that when the complained of remark was made in the jury's presence the assistant district attorney was standing behind the appellant, raised his voice and looked down at the appellant. *Hicks v. State,* supra."

■ In the instant situation we find the facts virtually indistinguishable from *Hicks v. State,* supra. The argument in conjunction with the prosecutor's physical actions and delivery was manifestly intended to be, and was, of such a character that the jury would naturally or necessarily take it as a comment on the failure of the appellant to testify. This was a clear violation of Art. 38.08, V.A.C.C.P.[3]

The judgment is reversed and the cause remanded for a new trial.

3. We find it unnecessary to discuss whether or not harm was caused by the prosecutor's remark since the appellant received the most extreme punishment permitted by law. See Sec. 12.42(a), V.A.P.C.