**Fred VINING, Appellant,**

v.

**Storm VINING, Appellee.**

**No. C14–88–846–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 16, 1989.

Robert Hoffman, Stewart W. Gagnon, Houston, for appellant.

Kleo Karalis Grimland, Houston, for appellee.

Before ROBERTSON, CANNON and ELLIS, JJ.

## OPINION

ROBERTSON, Justice.

This appeal by writ of error challenges the default judgment entered in a divorce proceeding. The dispositive issue is whether failure to give notice to appellant of the trial denied him due process. Concluding that under the facts presented it did, we reverse.

Appellant was served with his wife's first amended petition for divorce on February 26, 1988. A show-cause hearing, at which both parties and their attorneys attended, was held on March 7, 1988, and the trial judge signed the temporary order on March 15, 1988. This temporary order was not only approved by the attorney for both litigants, but was personally signed by both appellant and appellee. Appellant never filed an answer, but his counsel testified in a motion for new trial that it was inadvertant—an oversight.

The record contains a copy of a letter dated April 11th from appellee's counsel to appellant's counsel confirming, among other matters, a setting of the case for trial for the week of May 23, 1988, "in the event the case does not settle." Additionally, the record contains a formal setting request, dated April 14, 1988, requesting the case be

set for a trial on the merits for the week of May 23, 1988.

Nevertheless, on April 25, 1988, appellee and her attorney appeared in court and, after submission of evidence, a default judgment was entered. When appellee's counsel was asked by the trial judge whether he had talked to appellant's counsel, he responded: "Your Honor, I have attempted to communicate with him on numerous occasions and have had no response. This thing has drug on and on for months and months now." Additionally, appellee's counsel advised the court just prior to making the above statement, that both appellant and his counsel had entered into an agreed temporary order, but that since an answer had not been filed, he was "ready to move forward on a default basis."

In his first point of error, appellant contends that proceeding to trial without notice to him deprived him of due process rights guaranteed by the constitution. In a supplemental brief, appellant reiterates this argument and relies upon the recent opinion in *LBL Oil Company d/b/a LBL Gas Systems v. International Power Services, Inc.*, 777 S.W.2d 390 (Tex., 1989). In that case, the Texas Supreme Court held that once a defendant has made an appearance in a cause, he is entitled to notice of the trial setting as a matter of due process. Through a response to appellant's supplemental brief, appellee conceeds error in light of *LBL.* This concession coupled with indistinguishable facts between the present case and *LBL* require us to sustain appellant's first point of error. Accordingly, it is unnecessary to address appellant's remaining two points of error.

The judgment is reversed and remanded for trial.