Opinion issued January 6, 2005
     













In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00837-CR




VAUGHN LEVY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1173840




MEMORANDUM OPINION

          Appellant, Vaughn Levy, pleaded not guilty to the misdemeanor offense of
driving while intoxicated (DWI). Appellant was charged by information containing
one enhancement paragraph, including appellant’s prior felony conviction for sexual
assault. The jury convicted appellant, found the enhancement paragraph true, and
assessed punishment at 90 days in jail and a $1,000 fine. In two points of error,
appellant contends that (1) the trial court erred by overruling appellant’s objection to
the closing argument by the prosecutor that impermissibly commented on appellant’s
failure to testify, and (2) the evidence is factually insufficient to sustain his
conviction. We affirm. 
Background
          Late at night on May 17, 2003, Officer Cuellar, a traffic officer assigned to the
accident division of the Houston Police Department, observed a vehicle driven by
appellant speeding on the 610 North Loop. When Officer Cuellar activated his
emergency lights to initiate the traffic stop, appellant slowed down to about 20 miles
per hour, crossed all four lanes of the freeway and came to a stop on the outside
shoulder of the freeway, with the rear-left portion of his car protruding into a moving
lane of traffic. Officer Cuellar noticed that appellant’s eyes were bloodshot, his
speech was slurred, he had a strong odor of an alcoholic beverage on his breath, and
he appeared “disorderly.” Officer Cuellar asked appellant to step out of the car, and
appellant staggered, appearing to need support. When asked if he had consumed any
alcoholic beverages, appellant admitted that he had consumed two beers.
           Officer Cuellar administered, and appellant performed, three field-sobriety tests
as follows: (1) the Horizontal Gaze Nystagmus (HGN)


 test, (2) the one-leg-stand
test, and (3) the Rhomberg test. Appellant exhibited signs of intoxication on each of
the tests. From appellant’s performance on the field-sobriety tests, Officer Cuellar
formed the opinion that appellant had lost the normal use of his mental and physical
faculties due to the consumption of alcohol, and was a danger to himself and others.
Officer Cuellar arrested appellant for DWI and transported him to the police station
for further testing. 
          At the police station, another Houston police officer, Officer George, read
appellant the required statutory warning explaining the ramifications of submitting
or refusing to submit a breath sample for alcohol-content analysis into an intoxilyzer
machine. Appellant agreed to give a breath sample, but did not follow Officer
George’s instructions and failed to give an adequate sample because he would not
blow continuously, as instructed, into the intoxilyzer machine’s breath-sample-collecting tube. Appellant would only blow into the machine’s tube for one-to-two
seconds at a time, choosing instead to sing into it as if it were a microphone. 
Appellant refused to give any more breath samples. Officer George noted that
appellant had slurred speech, red and droopy eyes, and a strong odor of alcoholic
beverage on his breath. Officer George formed the opinion that appellant was
intoxicated, had lost the use of his physical and mental faculties due to the
consumption of alcohol, and was a danger to himself and others.
          After appellant refused to give any more breath samples, he was escorted to the
police station’s video room where Officer Matamoros gave appellant the opportunity
to perform field-sobriety tests on videotape. Officer Matamoros read appellant his
rights, but appellant refused to perform any more tests. Officer Matamoros noted that
appellant was very talkative, would not listen to instructions, and had thick, slurred
speech, bloodshot eyes, and a strong odor of alcoholic beverage on his breath. 
Officer Matamoros also formed the opinion that appellant was intoxicated due to the
consumption of alcoholic beverages and had lost the normal use of his physical and
mental faculties. 
          At trial, appellant did not testify and he presented no witnesses. The trial
court’s jury charge instructed the jury that appellant’s election not to testify “shall not
be taken as a circumstance against him.”                                  Factual Sufficiency
          In his second point of error, appellant contends that the evidence to support his
conviction for DWI is factually insufficient to prove that he had lost the normal use
of his mental and physical faculties by reason of the introduction of alcohol into his
body. 
          In a factual-sufficiency review, we view all of the evidence in a neutral light
and will set aside the verdict only if the evidence is so weak that the verdict is clearly
wrong and manifestly unjust, or the contrary evidence is so strong that the standard
of proof beyond a reasonable doubt could not have been met. Escamilla v. State, 143
S.W.3d 814, 817 (Tex. Crim. App. 2004). In conducting a factual-sufficiency review,
we must discuss the evidence that appellant contends most undermines the jury’s
verdict. See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). Unless the
available record clearly reveals that a different result is appropriate, an appellate court
conducting a factual-sufficiency review must defer to the jury’s determination
concerning what weight to give conflicting testimony because resolution often turns
on evaluation of credibility and demeanor. Johnson v. State, 23 S.W.3d 1, 8 (Tex.
Crim. App. 2000).  
          To prove appellant guilty of the offense of DWI, the State was required to
establish beyond a reasonable doubt that he did not have the normal use of his mental
or physical faculties while operating a motor vehicle in a public place. Tex. Pen.
Code Ann. §§ 49.01(2)(A), 49.04 (a) (Vernon 2003). Appellant contends that the
evidence is factually insufficient to prove DWI because (1) he was not involved in a
traffic accident prior to being stopped by the police, (2) he pulled over immediately
without attempting to flee, (3) there were no open or empty alcoholic beverage
containers inside of his vehicle, (4) the videotape of appellant inside of the police-video room shows that he did not fall down, sway, or have problems understanding
the video-room officer, and (5) the arresting officer’s testimony is not credible.
          The record shows that appellant exhibited the following: (1) bloodshot eyes;
(2) thick, slurred speech; and (3) a strong odor of an alcoholic beverage on his breath. 
In addition, appellant acknowledged that he had consumed two beers that night. 
From the officer’s descriptions of appellant’s performance on the three field-sobriety
tests, the jury learned that appellant (1) exhibited all six clues in each eye on the HGN
test; (2) swayed, used his arms, hopped, dropped his foot, and could not perform the
one-leg-stand test; and (3) estimated 3 seconds for 30 seconds and stumbled, almost
falling, during the Rhomberg test. The officer testified that, in his opinion, based on
appellant’s performance on the field-sobriety tests, appellant was intoxicated due to
the consumption of alcoholic beverages, had lost the normal use of his mental and
physical faculties, and was a danger to himself and others. Furthermore, Officer
George and Officer Matamoros also testified that, based on their observations and
testing at the police station, appellant was intoxicated due to the consumption of
alcoholic beverages and had lost the normal use of his mental and physical faculties. 
            We conclude that the evidence is not so weak that the verdict is clearly wrong
and manifestly unjust, and the contrary evidence is not so strong that the standard of
proof beyond a reasonable doubt could not have been met. See Escamilla, 143
S.W.3d at 817. Because the available record here does not clearly reveal that a
different result is appropriate, we must defer to the jury’s determination about what
weight to give conflicting testimony concerning evidence of appellant’s intoxication
because resolution turns on evaluation of the witnesses’ credibility and demeanor. 
See Johnson, 23 S.W.3d at 8. We hold that the evidence is factually sufficient to
sustain the conviction.
          We overrule appellant’s second point of error. 
Improper Jury Argument
          In his first point of error, appellant contends that the trial court erred by
overruling appellant’s objection to the prosecutor’s closing argument, which,
appellant contends, impermissibly commented on his failure to testify during the
punishment phase of trial. 
          Proper jury argument fits four general areas: (1) summation of the evidence;
(2) reasonable deductions from the evidence; (3) answers to argument of opposing
counsel; and (4) pleas for law enforcement. Brandley v. State, 691 S.W.2d 699, 712
(Tex. Crim. App. 1985); Guidry v. State, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999).          A prosecutor’s comment on a defendant’s failure to testify offends both our
state and federal constitutions. Short v. State, 671 S.W.2d 888, 890 (Tex. Crim. App.
1984). For a statement to constitute a comment on the failure to testify, the language
of the statement must be either manifestly intended or of such a character that the jury
would naturally and necessarily take it to be a comment on the defendant’s failure to
testify. Id. An indirect allusion to the failure of a defendant to testify does not
constitute reversible error. See Swallow v. State, 829 S.W.2d 223, 225 (Tex. Crim.
App. 1992). A comment upon a defendant’s failure to testify can take the form of a
direct or indirect comment. Thompson v. State, 651 S.W.2d 785, 786-87 (Tex. Crim.
App. 1983) (holding direct comment was improper when prosecutor stated “there is
one person we haven’t heard from,” while pointing at the defendant); Davis v. State,
645 S.W.2d 817, 818 (Tex. Crim. App. 1983) (holding comment was indirect when
prosecutor stated: “He sat here the whole time, and he knows what he’s charged with. 
He knows he’s guilty.”). 
          When addressing a complaint of an improper comment on a defendant’s failure
to testify, we review the language from the standpoint of the jury. Goff v. State, 931
S.W.2d 537, 548 (Tex. Crim. App. 1996). To do this, we must view the
complained-of portion of the argument in the context of the entire argument, keeping
in mind the evidence presented and that isolated sentences, if taken out of context,
may take on a different meaning than that understood by the jury. Henson v. State,
683 S.W.2d 702, 704 (Tex. Crim. App. 1984).
          Appellant complains of the following remarks made by the prosecutor during
the State’s closing argument: 
Prosecutor: When I think of a case, and I try to factor reasonable doubt
in, I think of it as a puzzle, because you’re given all the different puzzle
pieces, all the different pieces of the testimony, all of the different pieces
of evidence, all of that stuff, they’re puzzle pieces. When you know
what the puzzle is, that’s beyond a reasonable doubt. You are never,
ever going to get all of the puzzle pieces. That’s why Jill was talking to
you earlier during voir dire about what the State won’t prove, what the
State doesn’t have to prove, where he was drinking, what type of
beverage, you know, was it in a bottle, was it in a can? I can’t prove
these things to you. The State--the law doesn’t require me to prove them
to you. Obviously, who is it dependent upon, the information I get, it
comes from the defendant. It comes from the defendant. So I’m never
going to have all of the puzzle pieces for you.
 
Defense Counsel: I would object, Your Honor, the defense doesn’t have
to give any evidence or any statements or any facts.
 
The Court: Overruled.
 
Prosecutor: It’s when you get the puzzle pieces enough that you know
what the picture is. The picture today is of a DWI. . . . 

(emphasis added). 
          The State contends that the prosecutor’s statement was not a comment on
appellant’s failure to testify, but was made in response to the following argument of
appellant’s counsel. 
I saw that there are things in each point that each police officer talked
about, but there are a lot of things that are missing. Even if you believe
everything that they said, it’s not enough. . . it’s not enough to show that
he’s guilty of every single element beyond a reasonable doubt. For
example, Mr. Levy told him he had two beers, and we went over that a
number of times. I’m sure he reviewed the report but he stated what
kind of alcohol was it? . . .
 
Was Mr. Levy or was there any evidence shown as to what he had to eat
that night? No, there wasn’t. Was there any evidence shown as to when
he might have drunk, you know, had two beers? No, there wasn’t. It’s
nobody’s fault. It’s just evidence that is not there.

          An attorney may properly answer arguments of opposing counsel. Guidry, 9
S.W.3d at 154. The prosecutor’s response, however, must not exceed the scope of the
invitation. Andujo v. State, 755 S.W.2d 138, 144 (Tex. Crim. App. 1988). The
prosecutor’s response to the invitation may sometimes even include a comment on the
defendant’s not testifying. See Nethery v. State, 692 S.W.2d 686, 703 (Tex. Crim.
App. 1985) (if defense counsel begins discussion concerning defendant’s failure to
testify, prosecutor’s response to argument does not constitute reversible error); Lopez
v. State, 793 S.W.2d 738, 742 (Tex. App.—Austin 1990), pet. dism’d, improvidently
granted, 810 S.W.2d 401 (Tex. Crim. App. 1991) (invitation may properly include
comment on defendant’s failure to testify); see also Porter v. State, 601 S.W.2d 721,
723 (Tex. Crim. App. 1980) (no error shown when counsel for appellant invited
remark by prosecutor that formed basis of objection to comment on failure to testify);
see also Broussard v. State, 505 S.W.2d 282, 286 (Tex. Crim. App. 1974) (no error
occurred when prosecutor’s argument commenting on appellant’s failure to testify
was in response to and invited by assertions made by appellant’s co-counsel).
           Here, it was appellant’s counsel who first referred to appellant having
consumed two beers and to the lack of evidence as to where appellant was drinking,
what type of beverage he was drinking, and whether the beverage was in a bottle or
a can. The prosecutor’s remarks were an invited response to appellant’s counsel’s
repeated referral to elements that the State was not required to prove for the charged
offense of DWI, appellant’s statement to the police that he had consumed two beers,
and to the insinuation that because this evidence was not shown, the State could not
prove appellant was intoxicated. The prosecutor’s argument merely explained to the
jury that only the defendant can provide information about where he was drinking,
what type of beverage he was drinking, and whether it was in a bottle or a can, but
that the State was not required to prove these details. The State’s response to this
invited argument was not error. See Nethery, 692 S.W.2d at 703-04. 
          Taking the prosecutor’s statement in the context of the entire jury argument,
both the State’s and appellant’s, we conclude that the prosecutor was responding to
appellant’s counsel’s argument that the State had failed to produce evidence of when
and what appellant drank that night. Therefore, the prosecutor’s statements did not
amount to improper argument. 
          We overrule appellant’s first point of error.Conclusion
          We affirm the judgment of the trial court.
 
 

                                                             Elsa Alcala
                                                             Justice

Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
Do not publish. Tex. R. App. P. 47.4.