IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00037-CV

 

In the
Interest of A.L.R. and J.A.R., Children,

 

 

 



From the 85th District Court

Brazos County, Texas

Trial Court No. 37,920A-85

 



MEMORANDUM  Opinion



 








Appellant Sandra Kay Ray appeals from the trial court's
order that gave her ex-husband Jeffrey Claude Ray final custody of their
children A.L.R and J.A.R, ordered that she pay past-due child support, and
awarded $6,700 in attorney’s fees.  In two issues, she argues that the trial
court erred in entering a final custody order without providing her with proper
notice of the hearing and that sufficient evidence does not exist to support
the trial court’s award of attorney’s fees.  We will reverse the order.

Background

Sandra and Jeffrey divorced in May 2001.  After
the divorce, the court awarded sole managing conservatorship of the two
children to Sandra.  Jeffrey filed a motion to modify to get temporary custody
of the children on July 14, 2005.  At the hearing, both parties agreed to
temporary orders designed to honor the request of the children to move to Louisiana and reside with Jeffery.  The trial court also issued a notice of setting for a
bench trial on January 6, 2006.  Over the next few months, Sandra drove to Louisiana every other weekend to take possession of the children until Jeffrey began to deny
her access because of past-due child support.  Both sides filed motions, and the
trial court sent the case to mediation, but the disputes were not resolved.

Soon after the mediation, Sandra stopped working
in College Station and moved to Oregon.  On October 25, 2006, Jeffrey filed a
motion for enforcement of child support, a copy of which was mailed to Sandra’s
attorney at her old address, without a setting date.  Sandra filed a response
contesting the amounts owed for child support and medical expenses.  A hearing
was set for November 27, 2006.  That notice was served on November 25, 2006, to
Sandra’s address in Oregon, two days before the hearing date.  Notice was also
sent to Sandra’s attorney at the same address where Jeffrey’s original motion for
enforcement of child support and all the previous motions were sent, but it was
returned as undeliverable.

The case was called for trial despite the trial
court’s notice from Jeffery that Sandra and her attorney were not present.  The
trial court finalized the temporary orders, granted Jeffrey an arrearage
judgment for past-due child support and medical expenses, and granted Jeffrey’s
attorneys’ fees in the amount of $6,700.

Notice of Hearing

               In her first issue, Sandra argues that she was denied due process when the trial court entered a final order against her without giving her adequate notice of the hearing.  The Texas Family Code requires that notice of hearing on a motion for enforcement of a child support order or possession of a child must be given at least 10 days before the date of the hearing.  Tex. Fam. Code Ann. § 157.062 (Vernon 2002).  The hearing was set for November 27, 2006, and Sandra was served on November 25, 2006, at her Oregon address.

            Sandra cites several default judgment cases supporting
her argument that a trial court’s failure to provide notice constitutes a lack
of due process and is grounds for reversal.  See, e.g., LBL Oil Co. v. Int'l
Paper Servs., 777 S.W.2d 390, 391 (Tex. 1989) (reversing default judgment
for lack of notice of hearing); Custom-Crete, Inc. v. K-bar Servs., Inc.,
82 S.W.3d 655, 660 (Tex. App.—San Antonio 2002, no pet.) (party challenging trial
court judgment for lack of notice has burden of proving no notice);  Blanco
v. Bolanos, 20 S.W.3d 809, 811 (Tex. App.—El Paso 2000, no pet.) (trial
court's failure to give required notice constitutes lack of due process and
grounds for reversal); Vining v. Vining, 782 S.W.2d 261, 262 (Tex.
App.—Houston [14th Dist.] 1989, no writ) (court held that once defendant has
made appearance in case, he is entitled to notice of trial setting as matter of
due process).

This case was started as a contested matter by
Jeffrey to ask for permission to move the children to Louisiana.  By making an
appearance in that contested case, Sandra became entitled to notice of the
trial setting as a matter of due process.  Bruneio v. Bruneio, 890
S.W.2d 150, 154 (Tex. App.—Corpus Christi, 1994, no writ).  Here, the record
establishes that Sandra was not served with notice of the hearing until
November 25, 2006.  The hearing was held on November 27, 2006.  A trial court's
failure to comply with the rules of notice in a contested case deprives a party
of the constitutional right to be present at the hearing, to voice her
objections in an appropriate manner, and results in a violation of fundamental
due process.  Platt v. Platt, 991 S.W.2d 481, 483 (Tex. App.—Tyler 1999,
no pet.).  Because Sandra did not receive adequate notice of the hearing as
required by section 157.062, we sustain Sandra’s first issue.  Blanco,
20 S.W.3d at 812.  Accordingly, it is unnecessary to address Sandra’s remaining
issue.

Conclusion

Having sustained Sandra’s first issue, we reverse
the trial court's order and remand the cause for further proceedings.

 

BILL VANCE

Justice

 

 

 

Before Chief Justice
Gray,

            Justice
Vance, and

            Justice Reyna

            (Chief
Justice Gray dissenting)

Reversed and remanded 

Opinion delivered and
filed August 27, 2008

[CV06]

 

 

 

 

 






y under article 38.071.  The
trial court noted Lasher’s off-the-record objections to this procedure and also
refused Lasher’s counsel’s request to be present or nearby and to be able to
present follow-up questions for Canto’s use.  Thereafter, Canto conducted
a second videotaped interview of A.G. using the State’s and Lasher’s written
interrogatories.

Before testimony began at trial,
Lasher’s trial counsel referred to his previous objections to the videotapes of
A.G. and also asserted that the use of written interrogatories denied Lasher
his Sixth Amendment right to effective assistance of counsel because counsel
was not allowed to offer follow-up interrogatories.

           
Lasher’s first three issues on appeal allege Confrontation-Clause error because
(1) section 2(b) of article 38.071 is facially unconstitutional, (2) the
videotaped interviews were admitted, and (3) the trial court refused to allow
Lasher’s trial counsel to be present and able to submit follow-up written
interrogatories during the second videotaped interview.  When the
videotapes were offered, admitted, and shown to the jury during Canto’s testimony,
Lasher’s trial counsel objected by merely referring to his earlier objections.
 Lasher’s trial counsel did not object at either time on the basis that
Lasher’s Sixth Amendment Confrontation-Clause right was being violated; he
objected only on his Sixth Amendment right to effective assistance of counsel.

Lasher’s
complaints on
appeal do not comport with the objections that he made in the trial court,
which is necessary for preservation of the complaint.  See Broxton v.
State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (point of error must
correspond to objection made at trial, and objection stating one legal theory
may not be used to support a different legal theory on appeal).  For this
reason, his complaint has not been preserved for our review.  See Rezac
v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990); see also Crawford
v. State, 139 S.W.3d 462, 464 (Tex. App.—Dallas 2004, pet. ref’d)
(confrontation claim must be specifically raised in trial court to preserve
complaint for appeal); Bunton v. State, 136 S.W.3d 355, 368-69 (Tex.
App.—Austin 2004, pet. ref’d) (same).  Additionally, objections must be
sufficiently specific to make the trial court aware of the complaint; normally,
general objections do not preserve a complaint for appeal.  Tex. R. App. P. 33.1(a)(1)(A); Bunton,
136 S.W.3d at 367.  Lasher’s trial counsel’s mere references to his
earlier, off-the-record objections do not preserve a complaint for
appeal.  Because Lasher did not preserve his Confrontation-Clause
complaints for appeal, we overrule issues one, two, and three.[1]

           
Lasher’s fourth issue complains that the trial court erred in refusing Lasher’s
attempt to present evidence of the Texas Sex Offender Registration Program (a
copy of Chapter 62 of the Code of Criminal Procedure) over the State’s
relevance objection during the punishment phase.

In the punishment phase of a
non-capital felony trial, the admission of evidence is a question of policy,
not of logical relevance.  Mendiola v. State, 21 S.W.3d 282, 285
(Tex. Crim. App. 2000).  “Determining what is relevant . . . should be a
question of what is helpful to the jury in determining the appropriate sentence
in a particular case.”  Rogers v. State, 991 S.W.2d 263, 265 (Tex.
Crim. App. 1999).  The trial court has discretion on the admissibility of
evidence, and its decision will not be disturbed on appeal unless it falls
outside the “zone of reasonable disagreement”; i.e., the trial court
abused its discretion.  Jones v. State, 944 S.W.2d 642, 651 (Tex.
Crim. App. 1996); Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim.
App. 1990).

In his brief Lasher does not point to
any authority directly on point, instead asserting that courts have allowed
testimony about inmate classification and prison rehabilitation programs and a
study on the success of treated incest offenders.  See Najar v. State,
74 S.W.3d 82, 87 (Tex. App.—Waco 2002, no pet.); Peters v. State, 31
S.W.3d 704, 716-17 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d).  We
find no authority for the admission of statutes into evidence.  We thus
cannot say that the trial court abused its discretion in excluding the law on
Texas Sex Offender Registration Program.  Issue four is overruled.

Lasher’s fifth issue complains of
alleged improper jury argument, asserting that the prosecutor impermissibly
commented on Lasher’s failure to testify.  In this case there was evidence
that Lasher’s brother (John) had been indicted for the same offense (aggravated
sexual assault of A.G.) but had pled guilty to a reduced charge of indecency
with a child and received a ten-year prison sentence under a plea
bargain.  In closing argument, Lasher’s trial counsel referred to the
evidence of John’s offense and sentence and asked for “equal protection under
our law.”  The defense lawyer noted that John had admitted to the
aggravated sexual assault of A.G. as a part of his plea bargain, and then said:

Now the prosecutors may say, well, this
is not fair because he [Mark Lasher] didn’t admit he was guilty. 
Okay.  Well, what I’m saying is fair under equal justice of our laws that
same people be treated same in our courts of law for the same acts you
convicted him of. . . .  The crime is horrible, I agree with you, but I’m
asking you to consider that as some guidance in your discussion in this case. .
. .  And if you sentence him to life, you know, 50, 40 or 30, I don’t know
what it is, but whatever it is, remember that John Edison Lasher was sentenced
to ten years by the same district attorney who will be asking for more, probably. 
Okay?  The only difference is that he admitted his guilt to this charge
and my client, Mark, exercised his constitutional right, which each of us has,
to a jury trial, and he has received that.

 

In rebuttal, the prosecutor
argued:  “Mark Lasher has never taken responsibility for his
actions.”  The trial court overruled the defense objection that the
prosecutor was commenting on Lasher’s failure to testify.

Jury argument is limited to: (1)
summation of the evidence; (2) reasonable deduction from the evidence; (3)
answers to argument of opposing counsel; or (4) a plea for law
enforcement.  Guidry v. State, 9 S.W.3d 133, 154 (Tex. Crim. App.
1999); Sandoval v. State, 52 S.W.3d 851, 857 (Tex. App.—Houston [1st
Dist.] 2001, pet. ref’d).  A comment on an accused’s failure to testify
violates the accused’s state and federal constitutional privileges against
self-incrimination.  Bustamante v. State, 48 S.W.3d 761, 764 (Tex.
Crim. App. 2001).  To determine whether a party’s argument properly falls
within one of these categories, we must consider the argument in light of the
entire record.  Sandoval, 52 S.W.3d at 857.

As a response to the defense argument
that sought to have the jury treat Lasher the same as his brother despite his
brother’s guilty plea, the prosecutor’s rebuttal was not improper.[2]  See Albiar v. State, 739
S.W.2d 360, 362 (Tex. Crim. App. 1987) (“If the defense counsel invites
argument, as is the case here, then it is appropriate for the State to
respond.”); Wylie v. State, 908 S.W.2d 307, 310 (Tex. App.—San Antonio
1995, pet. ref’d); see also Lange v. State, 57 S.W.3d 458, 467-69 (Tex.
App.—Amarillo 2001, pet ref’d).  We overrule the fifth issue.

           
Having overruled all of Lasher’s issues, we affirm the trial court’s judgment.

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief
Justice Gray concurs in the result without a separate opinion.)

Affirmed

Opinion
delivered and filed March 29, 2006

Do
not publish

[CRPM]














    [1]          
Moreover, the jury heard similar accusatory hearsay testimony through several
other witnesses, including an audiotaped interview of A.G. that Lasher’s trial
counsel requested be played for the jury.  “The admission of inadmissible
evidence can be rendered harmless if the same or similar evidence is introduced
without objection elsewhere during trial.”  Willis v. State, 785
S.W.2d 378, 383 (Tex. Crim. App. 1989); see Etheridge v. State, 903 S.W.2d
1, 14 (Tex. Crim. App. 1994).





    [2]          
We readily acknowledge that such an argument, if not invited or a response to a
defense argument, can be improper.  See Roberson v. State, 100
S.W.3d 36, 40-41 (Tex. App.—Waco 2002, pet. ref’d); Hicks v. State, 815
S.W.2d 299, 302-04 (Tex. App.—Houston [1st Dist.] 1991, no pet.).