IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-11-00198-CR

 

Ex
parte Salvador Zavala

 

 

 



From the County Court

Navarro County, Texas

Trial Court No. 52,611

 



MEMORANDUM  Opinion










 

            Salvador Zavala pled no
contest in 2004 to the offense of unlawfully carrying a weapon.  Tex. Penal Code Ann. § 46.02 (West
2011).  This is a misdemeanor offense.  Id. (b).  Zavala also had a
capital murder charge pending in Houston.  Zavala has been attempting to file
various applications for a writ of habeas corpus regarding the misdemeanor
offense.  We have dismissed Zavala’s appeals twice.  See Ex parte
Zavala, No. 10-10-00323-CR, 2010 Tex. App. LEXIS 8806 (Tex. App.—Waco Nov.
3, 2010, no pet. h.); Ex parte Zavala, No. 10-10-00238-CR, 2010 Tex.
App. LEXIS 6262 (Tex. App.—Waco Aug. 4, 2010, no pet. h.).  

            Zavala filed another
application for a writ of habeas corpus with the trial court which the trial
court denied.  He has now attempted to appeal that order.  In a letter dated
June 8, 2011, the Clerk of this Court notified Zavala that his appeal was
subject to dismissal because it appeared the trial court did not rule on the
merits of his application for writ of habeas corpus and there is no right of
appeal from a refusal to issue a writ of habeas corpus when the trial court
does not consider and resolve the merits of the application.  See Ex
Parte Hargett, 819 S.W.2d 866, 869 (Tex. Crim. App. 2004); Ex Parte
Okere, 56 S.W.3d 846, 850 (Tex. App.—Fort Worth 2001, pet. ref'd).  The
Clerk also warned Zavala that the Court would dismiss the appeal unless, within
21 days of the date of the letter, a response was filed showing grounds for
continuing the appeal.  Zavala filed a response; however, it does not convince
us that the trial court ruled on the merits of his application for writ of habeas
corpus.

            Accordingly, this appeal is
dismissed.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Appeal
dismissed 

Opinion
delivered and filed June 29, 2011

Do
not publish 

[OT06]






ce of Hearing

               In her first issue, Sandra argues that she was denied due process when the trial court entered a final order against her without giving her adequate notice of the hearing.  The Texas Family Code requires that notice of hearing on a motion for enforcement of a child support order or possession of a child must be given at least 10 days before the date of the hearing.  Tex. Fam. Code Ann. § 157.062 (Vernon 2002).  The hearing was set for November 27, 2006, and Sandra was served on November 25, 2006, at her Oregon address.

            Sandra cites several default judgment cases supporting
her argument that a trial court’s failure to provide notice constitutes a lack
of due process and is grounds for reversal.  See, e.g., LBL Oil Co. v. Int'l
Paper Servs., 777 S.W.2d 390, 391 (Tex. 1989) (reversing default judgment
for lack of notice of hearing); Custom-Crete, Inc. v. K-bar Servs., Inc.,
82 S.W.3d 655, 660 (Tex. App.—San Antonio 2002, no pet.) (party challenging trial
court judgment for lack of notice has burden of proving no notice);  Blanco
v. Bolanos, 20 S.W.3d 809, 811 (Tex. App.—El Paso 2000, no pet.) (trial
court's failure to give required notice constitutes lack of due process and
grounds for reversal); Vining v. Vining, 782 S.W.2d 261, 262 (Tex.
App.—Houston [14th Dist.] 1989, no writ) (court held that once defendant has
made appearance in case, he is entitled to notice of trial setting as matter of
due process).

This case was started as a contested matter by
Jeffrey to ask for permission to move the children to Louisiana.  By making an
appearance in that contested case, Sandra became entitled to notice of the
trial setting as a matter of due process.  Bruneio v. Bruneio, 890
S.W.2d 150, 154 (Tex. App.—Corpus Christi, 1994, no writ).  Here, the record
establishes that Sandra was not served with notice of the hearing until
November 25, 2006.  The hearing was held on November 27, 2006.  A trial court's
failure to comply with the rules of notice in a contested case deprives a party
of the constitutional right to be present at the hearing, to voice her
objections in an appropriate manner, and results in a violation of fundamental
due process.  Platt v. Platt, 991 S.W.2d 481, 483 (Tex. App.—Tyler 1999,
no pet.).  Because Sandra did not receive adequate notice of the hearing as
required by section 157.062, we sustain Sandra’s first issue.  Blanco,
20 S.W.3d at 812.  Accordingly, it is unnecessary to address Sandra’s remaining
issue.

Conclusion

Having sustained Sandra’s first issue, we reverse
the trial court's order and remand the cause for further proceedings.

 

BILL VANCE

Justice

 

 

 

Before Chief Justice
Gray,

            Justice
Vance, and

            Justice Reyna

            (Chief
Justice Gray dissenting)

Reversed and remanded 

Opinion delivered and
filed August 27, 2008

[CV06]